RIEDEL, d.b.a. Coach Lantern Inn, Appellant,

v.

HOUSER et al., Appellees.

[Cite as *Riedel v. Houser* (1992), 79 Ohio App.3d 546.]

Court of Appeals of Ohio,
Wyandot County.

No. 16–91–25.

Decided May 12, 1992.

*Paul Kutscher, Jr.,* for appellant.

*William G. Kroncke,* for appellees.

THOMAS F. BRYANT, Judge.

This is an appeal by plaintiff-appellant Donald E. Riedel, d.b.a. Coach Lantern Inn, from a summary judgment of the Court of Common Pleas of Wyandot County entered July 25, 1991 in favor of defendants-appellees John R. Houser, Jr., individually, and Houser and Ward, Certified Public Accountants (collectively "Houser"), and dismissing the complaint.

By his amended complaint, Riedel alleges that Houser negligently prepared Riedel's sales, use and permissive tax returns for the years 1983 through 1986. Riedel claims losses of $26,672.98, consisting of underpaid tax principal, penalties and interest. By answer, Houser denied negligence and asserted the affirmative defense that Riedel's claim was time-barred by the appropriate statute of limitation, R.C. 2305.09.

Upon motion by Houser, the trial court entered summary judgment dismissing Riedel's claim as time-barred. Riedel appeals from that summary judgment upon five assignments of error consisting of four arguments challenging the trial court's dismissal of the complaint on statute of limitation grounds, and a fifth pointing out the trial court's misstatement of the applicable statute in the dispositive paragraph of the original judgment entry. In this latter regard we note the trial court's consistent use of the proper statute number throughout its entry, save for the final usage, an apparent misstatement corrected by the trial court in a manner permitted by App.R. 9(E). The fifth assignment of error is therefore not shown by the record as supplemented and is overruled.

Riedel argues that the trial court misapplied the limitation period provided for by R.C. 2305.09(D) by not deeming the commencement of the statutory period to be the date on which damages first may be attributed to the negligence claimed. In support of his theory that delayed discovery of damages delays the accrual of a cause of action for statute of limitation

purposes, appellant urges us to adopt the rationale of *Wisecup v. Gulf Dev.* (1989), 56 Ohio App.3d 162, 565 N.E.2d 865, wherein the Court of Appeals for Montgomery County held that the four-year limitations period set forth in R.C. 2305.09(D) does not begin to run until the plaintiff has suffered an injury as a result of the alleged conduct of the defendant even if the plaintiff discovered the tortious conduct before the resulting injury has occurred. In the case at bar, by considering the period of limitation to begin on the date of the act later claimed to be negligent, argues Riedel, the trial court not only misinterpreted the holding of *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 546 N.E.2d 206, but also in doing so has denied to him due process of law and equal protection of law guaranteed him by the Constitutions of the state of Ohio and of the United States.

■ Because Riedel's federal constitutional claims were not raised in the trial court we do not address them here on appeal, noting that no record has been made from which the same might be determined. A constitutional issue may not be raised for the first time on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277.

■ Likewise, we do not find that Riedel has preserved his Ohio constitutional claims for this appeal, because the sole reference in the record pertaining to the Constitution is in a quotation cited to the trial court by appellant, taken from the opinion in *Wisecup v. Gulf Dev., supra*, 56 Ohio App.3d at 165, 565 N.E.2d at 868, in which the author of the opinion observes "[t]his court has often stated its preference for deciding causes of action upon their merits. We find support for this preference in Section 16, Article I of the Ohio Constitution * * *."

In our view, to preserve a constitutional argument for appellate review, more is required than mere reference to the Ohio Constitution in a quotation offered in the trial court as authority for the argument of counsel without further explanation and identification of the constitutional issues the trial court is expected to decide. However, for the accuracy of our consideration of that quoted authority as it may apply to appellant's non-constitutional claims on appeal, we note that the opinion explained its stated preference, observing that although statutes of limitations are necessary, "since they are limitations upon the rights of the citizens of Ohio for redress, cases in which the application of a statute of limitations is doubtful should be resolved in favor of permitting the case to be decided upon its merits." *Id.* at 165, 565 N.E.2d at 868–869.

We note further, in passing, that arguments that the rule of *Investors REIT One v. Jacobs, supra*, syllabus, retroactively and unconstitutionally changed settled law, were rejected along with other Ohio constitutional challenges by

the Supreme Court in *Grant Thornton v. Windsor House, Inc.* (1991), 57 Ohio St.3d 158, 160–161, 566 N.E.2d 1220, 1222–1223.

█ R.C. 2305.09 provides in pertinent part:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"* * *

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code."

In *Investors REIT One v. Jacobs, supra,* the syllabus provides:

"1. Claims of accountant negligence are governed by the four-year statute of limitations for general negligence claims found in R.C. 2305.09(D), not by the two-year period for bodily injury or injury to personal property set forth in R.C. 2305.10, or by the one-year limitations period for professional malpractice claims in R.C. 2305.11(A).

"2a. The discovery rule is not available to claims of professional negligence brought against accountants.

"2b. However, by the express terms of R.C. 2305.09(D), the four-year limitations period does not commence to run on claims presented in fraud or conversion until the complainants have discovered, or should have discovered, the claimed matters."

We believe the foregoing rules of law, announced by the Supreme Court, control this case of claimed accountant's professional negligence not based on fraud or conversion and that therefore the application of the statute of limitation to the facts of this case is not doubtful.

Here, appellant asserts that the accountant's professional acts were not identified as negligent until the tax consequences of the accounting as done was determined to be monetarily adverse to appellant, the taxpayer. Appellant would distinguish the delayed accrual of damages revealing that known conduct was negligent from the delayed discovery of the occurrence of the act claimed to be negligent.

█ We believe the distinction urged by appellant to be without difference where the discovery rule is applicable for determination of the accrual of a cause of action. However, consideration of the discovery rule is irrelevant to application of R.C. 2305.09(D) in cases of accountant's professional negligence. *Investors REIT One v. Jacobs, supra,* paragraph 2a of the syllabus.

We observe that *Wisecup v. Gulf Dev., supra,* although involving negligence in a matter of tax reporting, did not involve an accountant's profession-

al negligence and is therefore inapposite to the matter before us. Moreover, and importantly, we note that to the extent the holding of the Montgomery County Court of Appeals in *Wisecup v. Gulf Dev., supra,* may be said to conflict with our decision herein, the subsequent holding of the Supreme Court in *Investors REIT One, supra,* controls.

Applying the appropriate period of limitation to the undisputed facts in this cause discloses that the complaint on appellant's claim was filed March 18, 1991 more than four years after occurrence of the most recent of the allegedly negligent professional conduct in 1986. Thus, we find no error of the trial court prejudicial to appellant in the trial court's judgment here on appeal.

For the foregoing reasons we find no merit in any of appellant's assignments of error.

The judgment of the Court of Common Pleas of Wyandot County is affirmed.

*Judgment affirmed.*

HADLEY, P.J., and SHAW,, J., concur.