FRONCZAK, Appellant,

v.

ARTHUR ANDERSEN, L.L.P., et al., Appellees.

[Cite as *Fronczak v. Arthur Andersen, L.L.P.* (1997), 124 Ohio App.3d 240.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE06–863.

Decided Nov. 25, 1997.

*Day & Cook, David L. Day* and *Dale D. Cook,* for appellant.

*Squire, Sanders & Dempsey, John R. Gall* and *Pamela H. Thurston,* for appellee Arthur Andersen.

*Nemeth, Caborn & Batauski* and *David Herd,* for appellee Hospitality Valuation Services.

LAZARUS, Judge.

Plaintiff-appellant, Norbert E. Fronczak, appeals from a judgment granting the motion of defendant-appellee, Arthur Andersen, L.L.P. ("Arthur Andersen"), to

dismiss and the motion for judgment on the pleadings of defendant-appellee Hospitality Valuation Services, Inc. ("Hospitality"). The trial court granted both motions on the grounds that appellee's claims were barred by the statute of limitations. For the following reasons, we affirm.

According to the amended complaint, Fronczak donated twenty shares of stock in a certain company to the Ohio State University ("OSU"). Fronczak alleges that in exchange for the donation, OSU promised to retain Arthur Andersen to manage the entire stock transfer and that Arthur Andersen would select a qualified appraiser to complete a qualified appraisal of the stock and that the appraisal would meet the substantiation requirements of the Internal Revenue Code. Fronczak further alleges that OSU promised that the appraisal would comply with IRS regulations and that a completed IRS Form 8283 would be supplied to Fronczak. Fronczak further alleges that Hospitality was the entity that performed the appraisal.

In April 1989, allegedly relying on the stock appraisal, Fronczak filed his 1988 tax return, claiming a charitable deduction of $42,860 relating to the stock donation. In November 1992, the IRS issued a preliminary evaluation finding that the donated stock had no value. On July 4, 1994, Fronczak settled with the IRS for $5,158.

On November 4, 1996, Fronczak filed his original complaint against Arthur Anderson and Hospitality, alleging two claims of accountant malpractice, one captioned "Negligence" and one captioned "Negligent Misrepresentation." On November 20, 1996, Fronczak filed his amended complaint, adding a third claim for "Breach of Contract," seeking relief as a third-party beneficiary of contracts for accounting services between Arthur Andersen, Hospitality, and OSU.

Pursuant to Civ.R. 12(B)(6), Arthur Andersen moved to dismiss all three claims on the grounds that they were barred by the statute of limitations. Pursuant to Civ.R. 12(C), Hospitality moved for judgment on the pleadings on the same grounds. On May 15, 1997, the trial court granted both motions, holding that all three claims were barred by the four-year statute of limitation found in R.C. 2305.09(D). On May 30, 1997, the trial court filed its judgment entry dismissing the case. Appellant timely appealed the May 30, 1997 judgment entry and asserts the following two assignments of error:

"1. The trial court erred in granting the motion to dismiss of Arthur Andersen based on the statute of limitations.

"2. The trial court erred in granting Hospitality Valuation Services, Inc.'s motion for judgment on the pleadings based on the statute of limitations."

In asserting these assignments of error, appellant raises two legal issues for our review: (1) did the trial court correctly hold that appellant's accountant-

negligence claims against Arthur Andersen and Hospitality (Claim I and Claim II) accrued no later than April 1989, when the allegedly negligent conduct was committed; and (2) did the trial court correctly hold that appellant's breach-of-contract claim is merely a restatement of his accountant negligence claims and, hence, also accrued no later than April 1989?

As an initial matter, we note the standard for our review. Dismissal of a claim pursuant to Civ.R. 12(B)(6) or Civ.R. 13(C) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064–1065; *Lin v. Gatehouse Constr. Co.* (1992), 84 Ohio App.3d 96, 99, 616 N.E.2d 519, 521. A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755–756. As an appellate court, we must independently review the complaint to determine if dismissal was appropriate. *McGlone v. Grimshaw* (1993), 86 Ohio App.3d 279, 285, 620 N.E.2d 935, 938–939. A motion to dismiss or a motion for judgment on the pleadings based on the bar of the statute of limitations should be granted only if the complaint conclusively demonstrates on its face that the action is barred by the statute of limitations. *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, paragraph three of the syllabus.

With regard to the first issue for our review, appellant contends that the trial court erred when it held that the four-year statute of limitations found in R.C. 2305.09(D) began to run when the alleged accountant malpractice was committed (in this case, no later than April 1989, the date when appellant filed his 1988 tax return claiming the charitable deduction). In challenging the trial court's determination in this regard, appellant does not dispute that R.C. 2305.09(D)'s four-year statute of limitation applies. Rather, appellant, citing the general proposition that a cause of action does not accrue until the plaintiff sustains actual injury, contends that his accountant malpractice claims could not have accrued until he settled with the IRS in July 1994 or, at the earliest, when he received the November 1992 notice from the IRS questioning his charitable deduction. Thus, according to appellant's "delayed damages" theory, his November 1996 complaint was filed within four years after his malpractice claims accrued.

■ We reject appellant's argument and find that his delayed-damages theory is precluded by the recent Ohio Supreme Court decisions of *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 546 N.E.2d 206, and *Grant Thornton v. Windsor House, Inc.* (1991), 57 Ohio St.3d 158, 566 N.E.2d 1220. Under the broad language and determinations of these cases, appellant's accountant-negligence claims accrued when the allegedly negligent conduct was committed.

In *Investors REIT One,* the plaintiffs filed accountant-malpractice claims related to allegedly negligent preparation of audits and other financial statements. *Id.,* 46 Ohio St.3d at 177, 546 N.E.2d at 207–208. The Supreme Court affirmed the dismissal of the claims as time-barred and specifically held that the four-year limitations period of R.C. 2305.09(D) applied to accountant-negligence claims and that no discovery rule was available in such actions to toll the statute of limitations. *Id.* at paragraphs one and two of the syllabus. Applying these rules to the facts before it, the court discussed when the accountant-negligence claims accrued and specifically noted that the accountant-client relationship had ended in 1975, more than four years before the claims were filed. *Id.* at 182, 546 N.E.2d at 211–212. As the court broadly stated, "[t]he four-year statute of limitations governing such claims in accountant negligence *commenced to run when the allegedly negligent act was committed* or, in this case, no later than 1975." (Emphasis added). *Id.* at 182, 546 N.E.2d at 212.

In *Grant Thornton, supra,* the Supreme Court reaffirmed its decision in *Investors REIT One.* In that case, defendants brought accountant-negligence counterclaims related to injuries sustained within the preceding four years resulting from allegedly improper audits that had been conducted more than four years earlier. *Id.,* 57 Ohio St.3d at 159, 566 N.E.2d at 1221–1222. The trial court dismissed the claims as time-barred. The court of appeals reversed, holding under the theory advanced by appellant here that the accountant-negligence causes of actions did not accrue until the defendants had sustained damages as a result of the negligence. The Supreme Court reversed, holding that the clear language of *Investors REIT One* barred the negligence claims. *Id.* at 160, 566 N.E.2d at 1222–1223.

While syllabi of neither *Investors REIT One* nor *Grant Thornton* specifically address the applicability of the delayed-damages theory advanced by appellant herein, we believe that the Supreme Court implicitly rejected the theory by reversing the court of appeals' decision in *Grant Thornton* and by its broad language in *Investors REIT One.* As a result, we must conclude that appellant's delayed-damages theory cannot be maintained in the context of an accountant-negligence claim under Ohio law.

Our holding is in accord with the great weight of authority, which has also followed *Investors REIT One* and *Grant Thornton* in holding that accountant-negligence claims resulting from allegedly improper tax advice accrue at the time the alleged negligence was committed and not when the IRS subsequently questions the tax return. See *Riedel v. Houser* (1992), 79 Ohio App.3d 546, 549, 607 N.E.2d 894, 896; *Lord v. Ernst & Whinney* (June 3, 1992), Summit App. No. 15361, unreported, 1992 WL 126125; *Philpott v. Ernst & Whinney* (Nov. 25, 1992), Cuyahoga App. No. 61203, unreported, 1992 WL 357250; cf. *Hater v.*

*Gradison Div. of McDonald & Co. Securities, Inc.* (1995), 101 Ohio App.3d 99, 110–111, 655 N.E.2d 189, 195–197 (statute of limitations for claims of professional negligence brought against brokers-dealers, appraisers, and accountants related to investment advice began to run when the allegedly negligent advice was given and not when damages subsequently resulted). On the other hand, appellant has found, and our research indicates, that only one court of appeals holds to the contrary. See *Gray v. Estate of Barry* (1995), 101 Ohio App.3d 764, 656 N.E.2d 729.

We recognize that the results of our holding may be harsh in circumstances in which damages do not manifest themselves until four years after the alleged accountant negligence was committed, especially considering that the IRS has up to six years to challenge certain omissions in a tax return. See Section 6501(e)(1)(A), Title 26, U.S.Code (providing six-year statute of limitations for improperly omitting from gross income an amount in excess of twenty-five percent of the amount actually claimed in the return). Despite these concerns, we cannot ignore the broad and explicit language of *Investors REIT One* or the result in *Grant Thornton*. We further note that neither case has been modified or limited by the Supreme Court or the legislature. As a result, we hold that the trial court did not err in finding that appellant's accountant-negligence claims are barred by the four-year statute of limitations in R.C. 2305.09(D).

■ With regard to the second legal issue raised by appellant's appeal, we also hold that the trial court did not err in finding that appellant's breach-of-contract claim was also barred by the four-year statute of limitations found in R.C. 2305.09(D). In his breach-of-contract claim, appellant alleges that Arthur Andersen had a contract with OSU "to insure that IRS regulations and requirements would be complied with, including the completion of a qualified appraisal." Appellant also alleges that Hospitality had a contract with OSU and/or Arthur Andersen "to complete a qualified appraisal that would comply with IRS regulations." Appellant further alleges that he was an intended third-party beneficiary of these contracts and that Arthur Andersen and Hospitality "breached these contracts by failing to complete a qualified appraisal."

Thus, it is evident from the face of the amended complaint that the factual allegations supporting appellant's breach-of-contract claim are the same factual allegations supporting his accountant-negligence claims, *i.e.*, appellees' failure to provide a correct appraisal of the stock. In such circumstances, courts have routinely held that the breach-of-contract claim is simply a restatement of the negligence claims and that the four-year statute of limitations for professional negligence found in R.C. 2305.09(D) applies rather than the six-year statute of limitations for contracts not in writing found in R.C. 2305.07. See *Kunz v. Buckeye Union Ins. Co.* (1982), 1 Ohio St.3d 79, 80–81, 1 OBR 117, 118–119, 437

N.E.2d 1194, 1195–1196; *Offenbeher v. Lomax, Soful & Foster, Inc.* (Sept. 25, 1996), Summit App. No. 17725, unreported, 1996 WL 539134; *Twine v. Harding Hosp.* (Sept. 5, 1991), Franklin App. No. 91AP–480, unreported, 1991 WL 355142; *Philpott, supra.* As a result, we hold that the trial court did not err in finding that the entire action, including the breach-of-contract claims, is governed by and precluded by the four-year statute of limitations in R.C. 2305.09(D).

For the foregoing reasons, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and JOHN C. YOUNG, JJ., concur.