[Cite as *Schnippel Constr., Inc. v. Profitt*, 2009-Ohio-5905.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

**SCHNIPPEL CONSTRUCTION, INC.,**

    **PLAINTIFF-APPELLANT,**               **CASE NO. 17-09-12**

    **v.**

**JIM PROFITT, ET AL,**                  **O P I N I O N**

    **DEFENDANTS-APPELLEES.**

**Appeal from Shelby County Common Pleas Court**
**Trial Court No. 07CV000437**

**Judgment Affirmed**

**Date of Decision: November 9, 2009**

**APPEARANCES:**

    *Timothy G. Pepper* **for Appellant**

    *Roger L. Sabo* **for Appellee**

Case No. 17-09-12

**PRESTON, P.J.**

### I. Facts & Procedural History

**{¶1}** Plaintiff-appellant, Schnippel Construction, Inc. ("Schnippel"), appeals the Shelby County Court of Common Pleas' grant of summary judgment in favor of defendant-appellees Jim Profitt ("Profitt") and Service Contract Administrators, Inc. ("SCA"). For the reasons that follow, we affirm.

**{¶2}** Schnippel is an Ohio corporation and non-union contractor for private and public commercial construction projects in the State of Ohio. (Complaint, Doc. No. 2, ¶¶1, 5). On or about October 4, 1996, Schnippel executed and adopted a welfare benefit plan sold by SCA through its trustee or fiduciary, Profitt, and administered by Prevailing Wage Contractors Association, Inc. ("PWCA"). (Id. at ¶10). Schnippel executed and adopted this benefit plan based upon Profitt's representation that PWCA's benefit plan complied with federal and state prevailing wage laws. (Id. at ¶7). The PWCA benefit plan was subsequently amended, and Schnippel adopted the amended plan in 2001. (May 5, 2009 JE, Doc. No. 127); (Profitt Aff. ¶8, Ex. B).

**{¶3}** In 2005, Schnippel entered into a contract with Montgomery County for construction on a solid waste treatment plant. On June 20, 2006, the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers, Local Union 209 filed suit against Schnippel alleging violations of

Ohio's prevailing wage laws. (Doc. No. 2, ¶¶11-12); (Doc. No. 9, attached). In August 2007, Schnippel entered into a settlement agreement with Local 290, wherein it agreed to: pay $60,000.00 in damages, penalties, and attorney's fees; and abstain from bidding on projects within Local 290's territorial jurisdiction for a period of three (3) years. (Sharon Schnippel Depo., Ex. C).

**{¶4}** On December 19, 2007, Schnippel filed a complaint against SCA, Profitt, and PWCA, alleging negligent misrepresentation and fraud against defendants SCA and Profitt and breach of contract and tortious breach of duty arising via contract against defendant PWCA. (Doc. No. 2).

**{¶5}** On February 9, 2009, SCA and Profitt filed motions for summary judgment. (Doc. Nos. 85-86). On March 18, 2009, Schnippel voluntarily dismissed defendant PWCA pursuant to Civ.R. 41(A). (Doc. No. 114). On March 26, 2009, Schnippel filed its memorandum in opposition to the motion for summary judgment to which SCA replied on April 3, 2009. (Doc. Nos. 120, 126). Schnippel also dismissed its fraud claim against defendants SCA and Profitt. (May 5, 2009 JE, Doc. No. 127).

**{¶6}** On May 5, 2009, the trial court granted SCA and Profitt summary judgment on Schnippel's remaining claim of negligent misrepresentation, finding that it was barred by the applicable statute of limitations. (Id.).

**{¶7}** On June 2, 2009, Schnippel filed a notice of appeal. (Doc. No. 135). Schnippel now appeals raising two assignments of error for our review.

## II. Standard of Review

**{¶8}** Before addressing the merits of Schnippel's assignments of error, we must set forth the applicable standard of review. An appellate court reviews a grant or denial of summary judgment pursuant to Civ.R. 56(C) de novo. *Wampler v. Higgins* (2001), 93 Ohio St.3d 111, 127, 752 N.E.2d 962, citing *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243, citing *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. To prevail under Civ.R. 56(C), a party must show: (1) there are no genuine issues of material fact; (2) it appears from the evidence that reasonable minds can reach but one conclusion when viewing evidence in the nonmoving party's favor, and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Shaffer*, 90 Ohio St.3d at 390; *Grafton*, 77 Ohio St.3d at 105.

**{¶9}** Material facts have been identified as those facts "that might affect the outcome of the suit under the governing law." *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248 91 L.Ed.2d 202, 106 S.Ct. 2505. "Whether a genuine issue exists is answered by the following inquiry: [d]oes the evidence present "a

sufficient disagreement to require submission to a jury" or is it "so one-sided that one party must prevail as a matter of law[?]" Id., citing *Liberty Lobby, Inc.*, 477 U.S. at 251-52.

**{¶10}** Summary judgment should be granted with caution, resolving all doubts in favor of the nonmoving party. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 333, 587 N.E.2d 825. "The purpose of summary judgment is not to try issues of fact, but is rather to determine whether triable issues of fact exist." *Lakota Loc. Schools Dist. Bd. of Edn. v. Brickner* (1996), 108 Ohio App.3d 637, 643, 671 N.E.2d 578.

### III. Analysis

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED IN DETERMINING WHEN APPELLANT'S NEGLIGENT MISREPRESENTATION CLAIMS ACCRUED, BECAUSE THE TRIAL COURT FAILED TO FOLLOW THE OHIO SUPREME COURT'S PRECEDENT OF UTILIZING THE ACTUAL INJURY RULE FOR NEGLIGENCE CLAIMS.**

### ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED IN DETERMINING WHEN APPELLANT'S NEGLIGENT MISREPRESENTATION CLAIMS ACCRUED, BECAUSE THE TRIAL COURT FAILED TO DISTINGUISH THE DISCOVERY RULE FROM THE ACTUAL INJURY RULE.**

**{¶11}** In its first assignment of error, Schnippel argues that the tort of negligent misrepresentation accrued in September 2007 when it settled the lawsuit

with Local 209. Specifically, Schnippel argues that its negligence claim against Profitt and SCA was not actionable until September 2007 because until then it had suffered no injury or damages. As a corollary to this argument, Schnippel argues in its second assignment of error that the trial court erred in determining when his negligent misrepresentation claim accrued because the trial court failed to distinguish the actual injury/delayed damages rule[1] from the discovery rule.

**{¶12}** Profitt and SCA, on the other hand, argue that the alleged negligent misrepresentations occurred in 1996 or 2001, at the latest, and, as such, are barred by R.C. 2305.09(D)'s four-year statute of limitations. Appellees also point out that the discovery rule does not apply to negligent misrepresentation claims, and that the "actual injury rule" cited by appellant was for construction cases only. Since the alleged negligent misrepresentations occurred in 1996 or 2001, the complaint was filed in 2007, and the discovery rule is inapplicable, appellees argue that the trial court correctly determined the complaint was time-barred.

**{¶13}** We will examine the trial court's judgment entry, the relevant statute of limitations, and case law cited by the trial court in support of its decision. Ultimately, we conclude that the delayed damages rule is inapplicable herein since

---

[1] The "delayed damages" rule is also referred to as the "actual injury" or "actual damage" rule. See, e.g., *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 87, 447 N.E.2d 727 (actual injury rule); *Shaker Courts Condo. Unit Owners' Ass'n, Inc. v. Indus. Energy Sys., Inc.,* (Feb. 24, 2000), 8th Dist. No. 75378, *2 ("actual injury or damage" rule).

Schnippel was damaged when Profitt and SCA allegedly made the negligent misrepresentation.

{¶14} The trial court sub judice found that the parties agreed that the applicable statute of limitations for negligent misrepresentation is four years. (May 5, 2009 JE, Doc. No. 127). The sole issue presented to the trial court was "* * * when did the cause of action accrue. Did the cause of action accrue in 1996 when the alleged negligent misrepresentation took place or did it accrue in 2006 or 2007 when Schnippel was sued or settled that lawsuit?" (Id.). The trial court acknowledged the Fifth District's decision in *J.P. Morgan Chase Bank v. Lanning*—which found that a mortgagor's cause of action against a title company for negligently altering his mortgage accrued when his property was wrongfully foreclosed upon, not when the negligent alteration occurred—but found the Ohio Supreme Court's decision in *Investors REIT One v. Jacobs* and our decision in *Reidel v. Houser* controlling. (Id., citing (1989), 46 Ohio St.3d 176, 546 N.E.2d 206; (1992), 79 Ohio App.3d 546, 607 N.E.2d 894). The trial court also found persuasive that the Court of Appeals in other districts have rejected the delayed damages rule as a way to circumvent the unavailability of the discovery rule in negligence actions. (Id., citing *Chandler v. Schriml* (May 25, 2000), 10th Dist. No. 99AP-1006. See, also, *Dancar Properties, Ltd. v. O'Leary-Kientz*, 1st Dist. No. C-030936, 2004-Ohio-6998, ¶14; *James v. Partin*, 12th Dist. No. CA2001-11-086,

2002-Ohio-2602, ¶25). Ultimately, the trial court concluded that Schnippel's negligent misrepresentation cause of action accrued in 1996 when the alleged misrepresentations were made, or, at the latest, in 2001 or 2002 when amendments to the benefit plan were made. (Id.). Since Schnippel's claim accrued in 2002, at the latest, and its complaint was filed in December 2007, the trial court concluded that Schnippel's claim was time-barred. (Id.). We agree.

{¶15} As the trial court found, the parties do not dispute that R.C. 2305.09(D)'s four-year statute of limitations governs negligent misrepresentation claims. The parties also are not disputing whether the discovery rule is applicable for negligent misrepresentation claims. (Appellant's Brief at 14, "The discovery rule is irrelevant to Schnippel's negligent misrepresentation claim."). Rather, Schnippel claims that the trial court's reliance upon *Investors REIT One* was in error since that case, unlike his case, dealt with the discovery rule and not claim-accrual.

{¶16} In *Investors REIT One*, the Ohio Supreme Court specifically determined that: (1) claims of professional accountant negligence are governed by R.C. 2305.09(D)'s four-year statute of limitations; and (2) that the discovery rule was unavailable for claims of professional accountant negligence. 46 Ohio St.3d 176, at paragraphs 1 and 2a of the syllabus. The Ohio Supreme Court has since reaffirmed *Investors REIT One*. *Grant Thornton v. Windsor House, Inc.* (1991), 57

Ohio St.3d 158, 160, 566 N.E.2d 1220. Several Appellate Courts, relying upon *Investors REIT One*, have rejected the discovery rule for other negligence actions governed by R.C. 2305.09(D)'s four-year statute of limitations. For example, the First District has held that "the Ohio Supreme Court's rejection of the discovery rule in cases against accountants [*Investors REIT One*] applies generally to claims for professional negligence controlled by R.C. 2305.09." *Dancar Properties, Ltd.*, 2004-Ohio-6998, at ¶25, citing *Hater v. Gradison Div. of McDonald & Co. Securities, Inc.* (1995), 101 Ohio App.3d 99, 109, 655 N.E.2d 189. The Fifth and Seventh Districts have rejected the discovery rule for cases involving negligent investment advice generally. *Kegg v. Mansfield* (Apr. 30, 2001), 5th Dist. No. 2000CA00311, at *4, citing *Hater*, 101 Ohio App.3d at 109; *Hirschl v. Evans*, (Mar. 27, 1996), 7th Dist. No. 94 C.A.43, at *3. The First and Tenth Districts have specifically rejected the discovery rule for negligent misrepresentation claims, like at issue herein. *Chandler*, 10th Dist. No. 99AP-1006, at *2. See, also, *Dancar Properties, Ltd.* (1st Dist.), 2004-Ohio-6998, at ¶¶13-14. Therefore, the trial court's conclusion that the discovery rule was inapplicable to negligent misrepresentation claims, relying upon *Investors REIT One*, was not in error.

{¶17} With respect to Schnippel's argument that the delayed damages rule is applicable and distinguishable from the discovery rule, this Court rejected that argument, at least implicitly, in *Riedel v. Houser*, 79 Ohio App.3d at 549-50. In

that case, Riedel filed a claim alleging that Houser negligently prepared his sales, use, and permissive tax returns for the years 1983 to 1986. Id. at 547. The trial court granted Houser summary judgment based upon R.C. 2305.09(D)'s four-year statute of limitations. Id. On appeal, Riedel, like Schnippel herein, argued that the trial court misinterpreted *Investors REIT One* and urged this Court to distinguish the discovery rule in *Investors REIT One* from the delayed damages rule in order to preserve his claim. Id. at 547-48. We, however, declined Riedel's offer, followed *Investors REIT One*, and found that the discovery rule was unavailable for claims of professional accountant negligence. Id. at 549. This Court rejected Riedel's attempt to distinguish the delayed damages rule from the discovery rule, stating "[w]e believe the distinction urged by appellant to be without difference where the discovery rule is applicable for determination of the accrual of a cause of action." Id. at 549. We further found that, in light of *Investors REIT One*, "consideration of the discovery rule [was] irrelevant to application of R.C. 2305.09(D) in cases of accountant's professional negligence." Id. Therefore, we also cannot conclude that the trial court's reliance upon our decision in *Houser* to reject Schnippel's delayed damages argument was in error.

{¶18} Several appellate districts have agreed with our statement in *Riedel v. Houser*—that the distinction between the delayed damages rule and the discovery rule for accountant negligence claims was a distinction without a

difference—and have rejected attempts to use the delayed damages rule as a way to circumvent the unavailability of the discovery rule for similar claims. *Hater,* (1st Dist. 1995), 101 Ohio App.3d at 110; *Rihm v. Wade* (Dec. 10, 1999), 2nd Dist. No. 17802, at *4; *Hirschl,* 7th Dist. No. 94 C.A.43, at *3; *Bell v. Holden Survey, Inc.* (Sept. 29, 2000), 7th Dist. No. 729, at *5; *Chandler*, 10th Dist. No. 99AP-1006, at *2; *Partin*, 12th Dist. No. CA2001-11-086, at *2. Several other appellate districts have rejected the delayed damages rule primarily relying upon *Investors REIT One*. *Fronczak v. Arthur Anderson, L.L.P.* (10th Dist. 1997), 124 Ohio App.3d 240, 243, 705 N.E.2d 1283; *Jim Brown Chevrolet, Inc. v. S.R. Snodgrass, A.C.* (11th Dist. 2001), 141 Ohio App.3d 583, 587-88, 752 N.E.2d 335. See, also, *Accelerated Sys. Integration, Inc. v. Hausser & Taylor, L.L.P.*, 8th Dist. No. 88207, 2007-Ohio-2113, ¶¶21-26. Although many of these cases involved professional accountant negligence claims, the Seventh and Twelfth Districts have rejected the delayed damages rule for professional negligence claims against surveyors as well. *Bell v. Holden Survey, Inc.* (Sept. 29, 2000), 7th Dist. No. 729, at *5; *Partin*, 12th Dist. No. CA2001-11-086, at *2. The Tenth District rejected the delayed damages rule for a negligent misrepresentation claim. *Chandler*, 10th Dist. No. 99AP-1006, at *2.

{¶19} Despite the overwhelming authority rejecting the delayed damages rule, the Fifth and Sixth Districts have extended it in a few cases. In *Gray v.*

*Estate of Barry*, the Sixth District held that R.C. 2305.09(D)'s four-year statute of limitations for accountant malpractice founded on negligent preparation or filing of tax returns did not begin to run until after the client was notified by the I.R.S. that a penalty had been assessed for such faulty preparation or failure to file. (1995), 101 Ohio App.3d 764, 768-69, 656 N.E.2d 729.  In that case, accountant John E. Barry, deceased, had provided accounting and tax preparation services to Joseph W. Gray III, M.D., Inc. Id. at 766.  On July 14, 1993, Gary filed suit against Barry's estate alleging that Barry had negligently failed to file I.R.S. form 5500R along with the remainder of his 1987 tax return at the close of the 1987 tax year. Id.  As a result of Barry's failure to file the appropriate forms, Gary alleged that he incurred a $9,000.00 I.R.S. tax penalty. Id.  In response, Barry's estate filed a motion to dismiss arguing that Gary's action was time-barred under R.C. 2305.09(D)'s four-year statute of limitations. Id. Barry's estate argued that any wrongful act on Barry's part had occurred, at the latest, in 1988, and since there was no discovery rule for accountant malpractice, Gary should have filed his suit no later than 1992. Id.  The trial court agreed with Barry's estate and granted the motion to dismiss, citing *Philpott v. Ernst & Whinney* (Nov. 25, 1992), 8th Dist. No. 61203.

{¶20} On appeal, Gary argued that the discovery rule should apply and, alternatively, that the cause of action did not accrue until the I.R.S. assessed the

penalty in 1993. Id. The Sixth District rejected Gary's argument for a discovery rule, citing *Investors REIT One*, but found his argument with respect to delayed damages persuasive. Id. at 767-68, citing *Investors REIT One*, 46 Ohio St.3d 176. The Court in *Gray* distinguished the case at bar from *Investors REIT One* and a line of appellate cases, on the basis that its case dealt with claim accrual, not discovery of an existing claim. Id. at 768. The Court in *Gray* acknowledged *Philpott* but, nonetheless, found *Philpott*'s dissent more persuasive. Id. at 767-78. The Court reasoned as follows:

> **We agree with the dissent in *Philpott* and the court of appeals opinion in *Sladky*. *Philpott, Sladky* and the present case are not discovery cases. The issue in each is the time at which the cause of action accrued. In any negligence action, a claim for which relief may be granted cannot be maintained absent the presence of all essential elements. "To establish actionable negligence, one must show \* \* \* the existence of a duty, a breach of that duty and injury resulting proximately therefrom." *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 270. Since there can be no negligence without injury, there can be no negligent conduct by which a cause accrues, pursuant to *Holsman,* until there is an injury to a legally protected interest. *Kunz v. Buckeye Union Ins. Co., supra.* In the case of a negligently prepared tax return or a tax form negligently omitted from a return, there is no injury until the I.R.S. determines to levy a penalty assessment. Until that time, no claim upon which relief can be granted exists. Similarly, it is not until such a claim may be maintained that the time for any statute of limitation begins to run.**

Id. at 768. Utilizing the date when Gary received notice from the I.R.S. that it was imposing a penalty, the appellate court determined that Gary's action was filed within R.C. 2305.09(D)'s four-year time limitation. Id. at 769.

{¶21} The Fifth District subsequently adopted *Gary v. Estate of Barry*'s delayed damages rule with respect to actions against accountants for negligent preparation of tax returns. *Fritz v. Brunner Cox, L.L.P.* (2001), 142 Ohio App.3d 664, 756 N.E.2d 740. In doing so, however, the Fifth District acknowledged:

> **\* \* \*that other courts, in interpreting and applying *Investors REIT One,* would find that appellants' complaint against appellees for accountant negligence was time-barred, since it was not filed within four years after the alleged negligent act was committed, which, in this case, was the filing of appellants' 1994 federal income tax return on September 14, 1995. However, that interpretation of *Investors REIT One* would lead to an illogical and inequitable result, namely, that appellants' claims against appellees would be time-barred *before* appellants' damages even manifested themselves.**

Id. at 669. More recently, the Fifth District applied its reasoning in *Fritz* and held that a mortgagor's cause of action against a title company for negligently altering his mortgage accrued when the bank filed a foreclosure complaint against the wrong property in reliance upon the incorrect legal description of the property provided by the title company, not when the title company negligently altered the mortgage. *J.P. Morgan Chase Bank v. Lanning*, 5th Dist. No. 2007CA00223, 2008-Ohio-893.

{¶22} Schnippel asks this Court to adopt the reasoning of these cases applying the delayed damages rule. While we acknowledge *Gray*, *Fritz*, and *Lanning*, we are not persuaded by them for several reasons. To begin with, in *Houser* we rejected the delayed damages rule adopted by the Courts in *Gray* and *Fritz*. 79 Ohio App.3d 546. Additionally, the holding in *Sladky v. Lomax* (9th Dist., 1988), 43 Ohio App.3d 4, 538 N.E.2d 1089, upon which the dissent in *Philpott* and the Courts in *Gray* and *Fritz* relied, has been questioned following *Investors REIT One*. *Lord v. Ernst & Whinny* (June 3, 1992), 9th Dist. No. 15361, at *2; *Jodway Heating, L.L.C. v. Stevens*, 9th Dist. No. 08 CA0089-M, 2009-Ohio-5054, ¶10. Furthermore, a majority of Ohio's appellate districts have rejected the delayed damages rule in similar cases. For its part, *Lanning*, 2008-Ohio-893, is distinguishable since it did not involve negligent misrepresentation, and furthermore, we reject it since it relies upon *Gray* and *Fritz*, which cases are contrary to our decision in *Houser*.

{¶23} We also find the Tenth District's decision in *Chandler* persuasive. 10th Dist. No. 99AP-1006. In that case, the property owners and the real estate company represented to Chandler that the duplex he was purchasing was properly used as a two-family unit for zoning purposes. Id. at *1. Based upon that representation, Chandler closed on the duplex on April 26, 1994. Id. In April of 1998, Chandler decided to sell the duplex and discovered that it, in fact, was not

zoned for two-family use but for single-family use, contrary to the owners' and real estate company's representations. Id. On August 7, 1998, Chandler filed a complaint alleging, in pertinent part, negligent misrepresentation against the real estate company and the owners. Id. The trial court, however, granted summary judgment against Chandler, finding that his negligent misrepresentation claim was time-barred under R.C. 2305.09. Id.

**{¶24}** On appeal, Chandler argued that his claim was not time-barred since it did not accrue until he suffered damages, which was when he discovered the zoning defect. Id. at *2. Chandler, like Schnippel herein, attempted to distinguish the discovery rule from the delayed damages rule to avoid the unavailability of the latter. Id. The Tenth District, however, found Chandler's argument irrelevant, because Chandler did not suffer delayed damages as he opined. Id. at *3. According to the Court, Chandler was injured at the time he purchased the duplex, and his cause of action accrued at the time of the negligent misrepresentation. Id. The Court reasoned as follows:

> **Chandler alleged in his complaint that he would not have purchased the duplex for the amount paid had he known that the duplex was zoned for single-family use. From the time he closed on the property, Chandler owned less than he believed. Thus, Chandler's injury occurred at the closing on April 26, 1994. The fact that Chandler did not realize his injury until much later does not change the fact that the financial injury occurred at the closing.**

Id. at *4. The appellate court affirmed the trial court's decision finding that Chandler's negligent misrepresentation claim was time-barred under R.C. 2305.09(D). Id.

{¶25} As the Court found in *Chandler*, we find that Schnippel's argument in support of delayed damages is irrelevant, because Schnippel did not suffer delayed damages. Id. at *3. Schnippel, like Chandler, alleged that he purchased the PWCA benefit plan based upon the negligent misrepresentations of Profitt and SCA that the plan complied with federal and state prevailing wage laws. (Complaint, Doc. No. 2, at ¶¶6-10). Accordingly, like the Court in *Chandler* found, we find that Schnippel was damaged in 1996 when he purchased (or, at the latest, in 2001 when he renewed) the PWCA benefit plan. 10th Dist. No. 99AP-1006, at *4. Assuming its allegations are true, Schnippel, like Chandler, purchased less than it received based upon Profitt and SCA's misrepresentations. *Chandler*, 10th Dist. No. 99AP-1006, at *4. That Schnippel did not discover that he was damaged until 2006 when Local 290 filed suit does not change the fact that he suffered damages at the time he purchased (or renewed) the PWCA benefit plan. Id. Therefore, based upon *Chandler*, we reject Schnippel's argument that he suffered delayed damages.

### IV. <u>Conclusion</u>

**{¶26}** Since Schnippel's negligent misrepresentation claim accrued, at the latest, in 2001 or 2002 when it renewed the PWCA benefit plan, and its complaint was filed in December 2007, Schnippel's claim is time-barred under R.C. 2305.09(D)'s four-year statute of limitations.

**{¶27}** Schnippel's first and second assignments of error are both overruled.

**{¶28}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**