[Cite as *Lisboa v. Tramer*, 2012-Ohio-1549.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97526**

---

## JOSE C. LISBOA, JR.

PLAINTIFF-APPELLANT

vs.

## NEIL M. TRAMER, C.P.A., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-737489

BEFORE:   Celebrezze, J., Blackmon, A.J., and Rocco, J.

RELEASED AND JOURNALIZED:   April 5, 2012

**FOR APPELLANT**

Jose C. Lisboa, Jr., pro se
c/o Moyer Paralegal Services
245 Portage Trail - Ext. W
Unit 2
Cuyahoga Falls, Ohio   44223


**ATTORNEYS FOR APPELLEES**

Richard G. Witkowski
R. Christopher Yingling
Nicola, Gudbranson & Cooper, L.L.C.
Republic Building, Suite 1400
25 West Prospect Avenue
Cleveland, Ohio   44115-1048

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Jose C. Lisboa, appeals from the trial court's ruling granting judgment on the pleadings in favor of appellees, Neil Tramer and his employer Tramer & Zwick.[1]   The trial court determined that appellant's claims were barred by the applicable statute of limitations or were improperly pled.   After a thorough review of the record and law, we affirm in part and reverse in part.

## I.   Factual and Procedural History

{¶2} Appellant filed a complaint against Tramer and his accounting firm on September 23, 2010, asserting claims of legal and professional malpractice, professional negligence, fraud, conspiracy, aiding and abetting, spoliation of evidence, intentional and negligent infliction of emotional distress, and negligent supervision.   Appellees responded with a motion to dismiss on November 23, 2010.

{¶3} From the complaint and responses, we learn that appellant was a resident alien living in this country for decades who went through a messy divorce in 2005.   As a part of the divorce settlement, on February 9, 2005, appellant signed an agreement to sell his interest in a company he jointly owned with his soon-to-be ex-wife.   On May 15, 2005, he received payment for his interest in the business.   Prior to that date, appellant was arrested and pled guilty to multiple felonies that eventually resulted in his deportation

---

[1] Appellant named Tramer, Shore, & Zwick in his complaint, but was permitted to amend to name Tramer & Zwick, the proper legal name of the accounting firm.

to Brazil on June 17, 2005. In his complaint, appellant alleges that he lived in Brazil while he appealed his criminal convictions and deportation. He stated that in 2008, he attempted to obtain credit for business ventures in Brazil and Cleveland Heights, but was denied because an IRS tax lien appeared on his credit report. His complaint alleges that his ex-wife and his accountant, Neil Tramer, colluded to file fraudulent documents with the IRS that resulted in a tax assessment and lien.

{¶4} Specifically, appellant alleges that Tramer, a certified public accountant and attorney, filed an IRS Schedule K-1 for the business appellant sold to his ex-wife that indicated appellant earned $187,903 in 2005 even though he was incarcerated from October 12, 2004 until he was deported on June 17, 2005. He claims he did not earn any money from the business. In later pleadings and in his appellate brief, appellant claims the IRS received the 2005 Schedule K-1 that he claims was fraudulent on October 4, 2006, but this information is not contained in his complaint. Also outside of the complaint is the allegation by appellees that the Schedule K-1 appellant complains of should have been received by him in early 2006 so that he could properly report income on his 2005 taxes filed in 2006.

{¶5} After briefing on the motion to dismiss, the trial court entered judgment granting the motion, finding that the professional negligence claims were barred by the applicable statute of limitations, and the fraud claims were not pled with sufficient specificity. The court also granted appellees' motion to dismiss the remaining claims as

improperly pled or dependent on a claim that was also dismissed. That decision was appealed to this court with appellant assigning two errors for review.

## II. Law and Analysis

### A. Standard of Review

{¶6} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991).

{¶7} While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted *** and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989). In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶8} Because factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo.

*Hunt v. Marksman Prod., Div. of S/R Indus., Inc*., 101 Ohio App.3d 760, 656 N.E.2d 726 (9th Dist.1995). A de novo standard of review affords no deference to the trial court's decision, and we independently review the record. *Gilchrist v. Gonsor*, 8th Dist. No. 88609, 2007-Ohio-3903. ¶ 16.

B. The Statute of Limitations for Professional and Legal Malpractice

{¶9} Appellant first argues that "[t]he trial court committed reversible error by dismissing with prejudice [appellant's] complaint based on the four year statute of limitations."

{¶10} A claim for professional negligence is governed by a four-year statute of limitations. R.C. 2305.09(D); *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 546 N.E.2d 206 (1989). For claims of accounting malpractice, the statute is not subject to tolling, but accrues on the occurrence of a cognizable event. *Fronczak v. Arthur Andersen, L.L.P.,* 124 Ohio App.3d 240, 243, 705 N.E.2d 1283 (10th Dist.1997).

{¶11} The Ohio Supreme Court has recently examined the landscape of professional negligence and when a cause of action accrues. *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.,* 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672. The court specifically examined a Sixth District case holding that a cause of action for professional negligence of an accountant who failed to file appropriate documents with the IRS did not accrue until the IRS assessed a penalty against the accountant's client. *Id*. at ¶ 22, citing *Gray v. Estate of Barry*, 101 Ohio App.3d 764, 656 N.E.2d 729 (6th Dist.1995). The Supreme Court rejected this holding and reinforced that its prior holding

in *Investors REIT One, supra*, governed the accrual of a cause of action for professional negligence. "A cause of action for professional negligence accrues when the act is committed." *Flagstar* at ¶ 27.

{¶12} Appellant filed his complaint in this case on September 23, 2010. It is unclear from the face of the complaint whether appellant's professional malpractice claim is time barred. The complaint fails to list the date the Schedule K-1 was prepared, the time by which he should have received it, or the date appellees supplied the allegedly fraudulent Schedule K-1 to the IRS. Appellees simply state that because the Schedule K-1 was for the 2005 tax year, the statute of limitations must have run. From the complaint, it is not clear that the four-year statute of limitations had run because it is not clear when the Schedule K-1 was prepared.

{¶13} "'The affirmative defense of statute of limitations is generally not properly raised in a Civ.R. 12(B)(6) motion, as it usually requires reference to materials outside the complaint.'" *Ryan v. Ambrosio*, 8th Dist. No. 91036, 2008-Ohio-6646, ¶ 20, quoting *Ferry v. Shefchuk*, 11th Dist. No. 2002-H-2480, 2003-Ohio-2535, ¶ 10. To be properly raised, the "complaint must show the relevant statute of limitations and the absence of factors which would toll the statute or make it inapplicable." *Ferry* at ¶ 10, citing *Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 241, 743 N.E.2d 484 (7th Dist.2000).

{¶14} Here, the trial court would have to assume that the documents were prepared by April 2006 in order to timely file the 2005 year tax return. However, no evidence on

the face of the complaint indicates that was the case, and all reasonable assumptions must be drawn in favor of the plaintiff. *Harris v. Pro-Lawn Landscaping, Inc.*, 8th Dist. No. 97302, 2012-Ohio-498, ¶ 7. The trial court could have converted the motion to one for summary judgment, but there is no indication that happened in this case.

{¶15} The trial court erred in dismissing appellant's cause of action based on the statute of limitations where it is unclear if appellant's claim was actually time barred. The trial court disposed of appellant's civil conspiracy claim on similar grounds, and it too must be revived.

{¶16} However, the claim for legal malpractice is governed by a one-year statute of limitations, which has clearly expired. R.C. 2305.11(A). Therefore, the trial court did not err in dismissing this cause of action.

C.  Negligent Infliction of Emotional Distress

{¶17} The trial court disposed of appellant's emotional distress claims based on the applicable statute of limitations. Although that decision was found to be error above, the claims for emotional distress were still properly dismissed because they were improperly pled.

{¶18} "In Ohio, recovery for negligent infliction of emotional distress is limited to such instances as where one was a bystander to an accident or was in fear of physical consequences to his or her own person." *Muehrcke v. Housel*, 181 Ohio App.3d 361, 371, 2008-Ohio-4445, 909 N.E.2d 135, ¶ 44 (8th Dist.), citing *Bunger v. Lawson Co.*, 82 Ohio St.3d 463, 696 N.E.2d 1029 (1998); *Heiner v. Moretuzzo*, 73 Ohio St.3d 80, 85-86,

652 N.E.2d 664 (1995); *High v. Howard*, 64 Ohio St.3d 82, 85-86, 592 N.E.2d 818 (1992), *overruled on other grounds*.

**{¶19}** Appellant has not alleged any fear for his own person and none can be inferred from his complaint. Therefore, he has not properly pled a claim for negligent infliction of emotional distress.

D. Intentional Infliction of Emotional Distress

**{¶20}** A claim for intentional infliction of emotional distress requires

> 1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community"; 3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it." (Internal citations omitted.) *Ashcroft v. Mt. Sinai Med. Ctr.*, 68 Ohio App.3d 359, 366, 588 N.E.2d 280 (8th Dist.1990), quoting *Pyle v. Pyle*, 11 Ohio App.3d 31, 34, 463 N.E.2d 98 (8th Dist.1983).

**{¶21}** Here, appellant has set forth claims sufficient to survive a motion to dismiss. He has alleged that Tramer knowingly made false statements that would be used by the IRS. The IRS then assessed a tax lien against appellant's property that resulted in severe financial hardship. Appellant asserts that this resulted in severe emotional and physical pain in dealing with the IRS and suffering through significant financial hardship.

**{¶22}** The trial court determined that the four-year statute of limitations had run on this cause of action because it was based on, and thus governed by, the professional malpractice statute of limitations. The holding above finding this was in error means the

reasoning equally applies here. Therefore, the trial court erred in dismissing the claim for intentional infliction of emotional distress.

### E. Statute of Limitations for Negligent Supervision

{¶23} The trial court dismissed appellant's negligent supervision claim, finding it was barred by the applicable two-year statute of limitations. R.C. 2305.10(A) sets forth a two-year limitations period for actions based on injury to personal property.[2] This shorter limitations period applies to this case because the claim is based on an independent duty of Tramer & Zwick, not on Tramer's alleged professional malfeasance. *Browning v. Burt*, 66 Ohio St.3d 544, 613 N.E.2d 993 (1993).

{¶24} However, the statute goes on to provide that the statute of limitations only begins to accrue when "the injury or loss to person or property occurs." R.C. 2305.10(A). Therefore, it is subject to the discovery rule, which may toll the running of the limitations period.

{¶25} Appellant asserted in his complaint that he did not discover the fraud until he found the IRS lien in 2009. Based on these allegations and the failure of the complaint to affirmatively demonstrate that the two-year statute of limitations had elapsed, the trial court erred in dismissing this cause of action.

---

[2] This shorter limitations period also applies to appellant's claim of negligent infliction of emotion distress. *Lawyers Coop. Publishing Co. v. Muething*, 65 Ohio St.3d 273, 603 N.E.2d 969 (1992), paragraph two of the syllabus.

F.  Pleading with Particularity

{¶26} Appellant next argues that "[t]he trial court committed reversible error by dismissing with prejudice [his] complaint based on [his] failure to allege facts supporting malpractice & [sic] fraud."

{¶27} Having disposed of the court's dismissal of appellant's malpractice claim, we address the fraud claim.  Ohio Civil Rules require "notice pleading" rather than "fact pleading."  *Salamon v. Taft Broadcasting Co.*, 16 Ohio App.3d 336, 338, 475 N.E.2d 1292 (1st Dist.1984).  "Notice pleadings" under Civ.R. 8(A) and 8(E) merely require that a claim concisely set forth only those operative facts sufficient to give "fair notice of the nature of the action." *DeVore v. Mut. of Omaha Ins. Co.*, 32 Ohio App.2d 36, 38, 288 N.E.2d 202 (7th Dist.1972).  However, Civ.R. 9(B) requires that certain causes of action be pled with specificity.  It states that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

{¶28} As described in *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 27, citing  *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 73, 491 N.E.2d 1101 (1986):

> Fraud has various elements: (1) a representation (or concealment of a fact when there is a duty to disclose), (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance.

**{¶29}** In his complaint, appellant alleged that Tramer knowingly made false representations to the IRS by filing a Schedule K-1 for appellant's former company, which Tramer knew to be incorrect, so that the owner of the company (appellant's ex-wife), who employed Tramer for tax preparation services, would have a reduced tax burden. Appellant further alleged that the IRS relied on this information and imposed a substantial tax lien against him, causing him significant injury.

**{¶30}** Appellant stated in his complaint that he was in jail in mid-2004 until his deportation in 2005 and that he did not earn any income from the company in 2005 because he was in jail and because he sold his interest to his ex-wife in February of that year. Appellant's complaint states that Tramer inappropriately indicated on the Schedule K-1 filed in 2006 that appellant earned $187,903 in 2005 from the company.

**{¶31}** In determining what must be included in a well-pled fraud cause of action, the Tenth District, in *Korodi v. Minot*, 40 Ohio App.3d 1, 4, 531 N.E.2d 318 (10th Dist.1987), has enumerated the requirements:

> (1) plaintiff must specify the statements claimed to be false; (2) the complaint must state the time and place where the statements were made; and (3) plaintiff must identify the defendant claimed to have made the statement. *Goldman v. Belden* (C.A. 2, 1985), 754 F.2d 1059, 1069-1070. These requirements are intended to place potential defendants on notice of the precise statement being alleged as fraudulent, which is all that Civ.R. 9(B) requires. *Id.*

**{¶32}** Here, appellant has asserted a cause of action for fraud against appellees for statements they allegedly made to the IRS. It is clear that "[a] plaintiff fails to state a valid cause of action for fraud when he alleges that a third-party relied on

misrepresentations made by a defendant and that he suffered injury from that third-party's reliance." *Moses v. Sterling Commerce Am., Inc.*, 10th Dist. No. 02AP-161, 2002-Ohio-4327, ¶ 21. *See also Wells v. Cook*, 16 Ohio St. 67, 1865 WL 40 (1865); *Baddour v. Fox*, 5th Dist. No. 03CA-77, 2004-Ohio-3059, ¶ 41 ("A party is unable to maintain an action for fraud where the fraudulent representations were not made directly to him to induce him to act on them in matters affecting his own interests.").

{¶33} The trial court found that appellant failed to plead his fraud claim with particularity and that he failed to allege facts supporting the elements of a fraud claim. Based on the facts alleged in the complaint, that decision was correct.

### G. Remaining Claims

{¶34} It must be noted that appellant failed to assign errors related to his causes of action for spoliation, aiding and abetting, and respondeat superior. Therefore, the trial court's dismissal of these claims will not be disturbed on appeal.

### III. Conclusion

{¶35} It cannot be determined from the face of the complaint whether some of appellant's claims are barred by the applicable statute of limitations. Therefore, the trial court erred in dismissing with prejudice appellant's claims of accounting malpractice, intentional infliction of emotional distress, and conspiracy. The trial court correctly dismissed appellant's claims of legal malpractice, negligent infliction of emotional distress, and fraud. The remaining claims were not argued to have been dismissed in error, and therefore, they will not be disturbed on appeal.

**{¶36}** This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellees share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
KENNETH A. ROCCO, J., CONCUR