OPINION
{¶ 1} Plaintiff, Mark E. Gessner, appeals from an order of the court of common pleas that dismissed Gessner's 18 U.S.C. § 1983 action against Defendants, Montgomery County Sheriff Dave Vore and two of his deputies, pursuant to Civ. R. 12(B)(6), for failure to state a claim upon which relief may be granted. *Page 2 
 {¶ 2} The circumstances from which Gessner's claims for relief arise have been the subject of two actions. The first was an action that Gessner commenced on February 26, 2006, when he filed a complaintpro se. That action was voluntarily dismissed by Gessner on April 26, 2006, pursuant to Civ. R. 41(A).
 {¶ 3} On April 26, 2007, Gessner refiled the action, in a complaint filed by his counsel. (Dkt 1). Gessner amended that complaint on May 23, 2007. (Dkt 17). Defendants then moved to dismiss the refiled action pursuant to Civ. R. 12(B)(6), contending that Gessner's claims for relief are barred by res judicata, the applicable statute of limitation, and the doctrine of qualified immunity. (Dkt. 18). The trial court granted the motion on findings that Gessner's action is barred by res judicata and qualified immunity. (Dkt 24). Gessner filed a timely notice of appeal.
 {¶ 4} Gessner argues, in five "issues presented for review," that the trial court erred when it dismissed his action pursuant to Civ. R. 12(B)(6) for the reasons on which the court relied. The Defendants argue that, nevertheless, Gessner's action is barred by the applicable statute of limitations, an issue Defendants raised in their motion to dismiss but which the trial court did not address. *Page 3 
 {¶ 5} An appellate court may affirm a final judgment or order on grounds different from those determined by the trial court, so long as the evidentiary basis on which the appellate court decides a legal issue was adduced before the trial court and made a part of the record thereof. State v. Peagler (1996), 76 Ohio St.3d 496. We find that standard is satisfied with respect to the statute of limitations issue.
 {¶ 6} In paragraph 15 of his amended complaint, Gessner alleges that on October 29, 2003, Sergeant Patricia Cavender also a Defendant herein, acting as a deputy to Defendant Vore, served notice on Gessner that he was no longer authorized to enter and/or remain on the premises of the Dayton-Montgomery County Courts buildings. The "trespass notice" was given pursuant to R.C. 311.07(A), which provides that "[u]nder the direction and control of the board of county commissioners, (the) sheriff shall have charge of the courthouse." Thereafter, on February 26, 2004, and on twenty-four other occasions over a period of fourteen months, Gessner entered the courts buildings from which he'd been "trespassed." As a result, when he entered the buildings on February 24, 2004, Gessner was arrested and charged with criminal trespass, in violation of R.C. 2911.21(A)(3). That section provides that no person, "without privilege to do so," shall "[r]ecklessly *Page 4 
enter or remain on the premises of another, to which notice of unauthorized access or presence is given by actual communication . . ."
 {¶ 7} The criminal trespass charges against Gessner were ultimately dismissed, and the "trespass" notice or order was rescinded by Sheriff Vore on December 8, 2004. Nevertheless, the notice and his resulting arrest are the subject of the actions that Gessner filed on February 26, 2006, and refiled on April 26, 2007, and the amended complaint he filed on May 23, 2007. Gessner alleges deprivations of rights guaranteed to him by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. The trial court reasoned, correctly, that Gessner's claims for money damages for vindication of those alleged deprivations are governed by 18 U.S.C. § 1983.
 {¶ 8} Eighteen U.S.C. § 1983 authorizes civil actions for money damages brought against state officers for alleged deprivations of a person's federal constitutional and/or statutory rights. Defendants are clearly state officers. Gessner alleged that the "trespass" notice that was issued, lacking any available administrative appeal process, and his resulting arrests, violated the protections afforded him by the several federal constitutional provisions on which he *Page 5 
relies, and he sought money damages as compensation.
 {¶ 9} R.C. 2744.04(A) provides that actions against a political subdivision for injury, death, or losses to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function shall be brought within two years after the cause of action arose. That limitation applies to actions on claims for relief brought pursuant to § 1983. Fifth Third Bank v.Cope, 162 Ohio App.3d 838, 2005-Ohio-4626, ¶ 43. The limitation likewise applies to claims against the officer who committed the alleged acts or omissions. Bojac Corp v. Kutevac (1990), 64 Ohio App.3d 368.
 {¶ 10} "Federal law determines the date on which a statute of limitations begins to run in a section 1983 action." State ex rel.Eckstein v. Midwest Pride IV (1998), 128 Ohio App.3d 1, 14. "Ordinarily, the limitations period starts to run `when the plaintiff knows or has reason to know of the injury which is the basis of his action.'"Kuhnle Brothers, Inc. v. County of Geauga (6th Cir. 1997), 103 F.3d 516, 520, quoting in part Sevier v. Turner
(6th Cir. 1984), 742 F.2d 262, 272. The Sixth Circuit has stated: "In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to *Page 6 
protect his of her rights." Trzebuckowski v. City of Cleveland
(6th Cir. 2003), 319 F.3d 853, 856. Subsequent, resulting, and related deprivations of rights are not continuing § 1983 violations from which the period of limitations runs anew. Tackett v.Marion County Fair Board (N.D. Ohio 2003), 272 F.Supp.2d 686.
 {¶ 11} In Tackett, a plaintiff who had been barred from a county fairgrounds was subsequently cited for criminal trespassing. He commenced a § 1983 action. The court held that the two-year period of limitations in R.C. 2744.04(A) began to run when the plaintiff was notified that he had been banned from the fairgrounds.
 {¶ 12} In the present case, as in Tackett, the two-year statute of limitations governing Gessner's claims for relief began to run when Gessner was served notice of the "trespass" order on October 29, 2003, a fact alleged in Gessner's amended complaint. Any action he might file on claims for relief arising from that event had to be filed within two years thereafter. Therefore, the action that Gessner first commenced, on the pro se complaint he filed on February 26, 2006, was filed out of time. Neither Gessner's subsequent voluntary dismissal of the action or its refiling within one year, pursuant to the "savings statute," *Page 7 
R.C. 2305.19, avoids the fatal defect of late filing.
 {¶ 13} A statute of limitations defense is an affirmative defense, per Civ. R. 8(C), that ordinarily cannot be the basis of a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim on which relief may be granted. State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107, 109. An exception exists when the complaint demonstrates the statute of limitations violation. Doe v. Archdiocese of Cincinnati,109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 11, citing Velotta v. Leo Petronzio Landscaping,Inc. (1982), 69 Ohio St.2d 376, paragraph three of the Syllabus. That is the case here.
 {¶ 14} Gessner's amended complaint alleges that he was served with the trespass notice on October 29, 2003. The complaint that commenced the present action was filed more than two years later on April 26, 2007. Gessner concedes in his brief that the present action is a refiling of the action he first filed on February 24, 2006, which was also more than two years after the cause of action accrued on October 29, 2003. Therefore, pursuant to R.C. 2744.04(A), Gessner's action was not timely filed, and is barred.
 {¶ 15} The assignments of error are overruled. The judgment of the trial court will be affirmed. *Page 8 
 FAIN, J. And WALTERS, J., concur. *Page 1