[Cite as *Auckerman v. Rogers*, 2012-Ohio-23.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### GREENE   COUNTY

VIRGINIA AUCKERMAN        :

                                  :       Appellate Case No. 2011-CA-23

       Plaintiff-Appellant        :

                                    :       Trial Court Case No. 10-CV-903

v.                                         :

                                        :

STEVE ROGERS               :       (Civil Appeal from

                                        :        Common Pleas Court)

       Defendant-Appellee       :

                                        :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 6th day of January, 2012.

. . . . . . . . . . .

LAWRENCE J. WHITE, Atty. Reg. #0062363, 2533 Far Hills Avenue, 2nd Floor, Dayton, Ohio 45419

       Attorney for Plaintiff-Appellant

BRANDON M. ALLEN, Atty. Reg. #0079164, and PAUL B. RODERER, JR., Atty. Reg. #0063936, Roderer Law Office, L.L.C., 4 East Schantz Avenue, Post Office Box 897, Dayton, Ohio 45409-0897

       Attorneys for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1}   Virginia Auckerman appeals from the trial court's Civ.R. 12(B)(6) dismissal of her tort complaint against appellee Steve Rogers, her insurance agent.

{¶ 2}   Auckerman advances two assignments of error on appeal. First, she contends the trial court erred in holding that a negligent-procurement claim against Rogers, based on his

failure to provide her with UM/UIM (uninsured motorist/underinsured motorist) insurance, was barred by the applicable statute of limitations. Second, she contends the trial court erred in dismissing a promissory-estoppel claim on the basis that it was mislabeled as a "detrimental reliance" claim.

{¶ 3} The record reflects that Auckerman filed a four-count complaint against Rogers on August 19, 2010. Count one alleged "errors and omissions." Count two alleged "breach of fiduciary duty." Count three alleged "negligence." Count four alleged "detrimental reliance." Each count was predicated on Rogers' failure to provide her with UM/UIM insurance despite her request for "full coverage" on her automobiles. The complaint further alleged that a tortfeasor struck Auckerman's vehicle on February 28, 2008, causing her to suffer damages of $37,500. Because the negligent driver only had insurance coverage of $12,500, Auckerman alleged that she had suffered an uncompensated loss of $25,000. She sought to recover that amount from Rogers based on the theories set forth above.

{¶ 4} Rogers moved to dismiss the complaint under Civ.R. 12(B)(6). He interpreted counts one through three as essentially alleging the same thing, professional negligence. He argued that the statute of limitations for professional negligence was four years under R.C. 2305.09 and that it started to run on June 6, 2005, when Auckerman obtained the insurance policy at issue. Because Auckerman filed her complaint more than four years later on August 19, 2010, Rogers asserted that counts one through three were time barred.

{¶ 5} With regard to count four, which alleged "detrimental reliance," Rogers contended that it too was time barred by the same four-year statute of limitations. Finally, Rogers asserted that counts one, two, and four were subject to dismissal under Civ.R. 16(B)(6) for the alternative reason that they did not set forth legally recognized causes of action.

{¶ 6}  In opposition to Rogers' motion, Auckerman cited *Kunz v. Buckeye Union Ins. Co.* (1982), 1 Ohio St.3d 79, for the proposition that the four-year statute of limitations began to run on the date of her accident, not the date she obtained her insurance policy. In reply, Rogers argued, inter alia, that a more recent Ohio Supreme Court opinion, *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, effectively overruled *Kunz.* Under *Investors REIT One*, Rogers asserted that the statute of limitations began to run when Auckerman obtained her insurance policy.

{¶ 7}  The trial court sustained Rogers' motion in a February 28, 2011 order. It held that counts one, two, and four of the complaint failed to state recognized causes of action. With regard to count three, which alleged "negligence," the trial court relied largely on *Investors REIT One* and held that the four-year statute of limitations expired on June 6, 2009, four years after Auckerman obtained her insurance policy. This appeal followed.

{¶ 8}  In her first assignment of error, Auckerman contends the trial court erred in finding that the statute of limitations began to run on her negligence claim when she obtained the insurance policy that lacked UM/UIM coverage. Auckerman argues that the statute of limitations did not begin to run until the date of her traffic accident.

{¶ 9}  We review a decision sustaining a Civ.R. 12(B)(6) motion de novo. *Smith v. Ohio Adult Parole Auth.*, Champaign App. No. 2009 CA 22, 2010-Ohio-1131, ¶ 35. "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint. In order to prevail, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. * * * The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in favor of the

plaintiff." *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, ¶16 (citations omitted). "A statute of limitations defense is an affirmative defense, per Civ.R. 8(C), that ordinarily cannot be the basis of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief may be granted. * * * An exception exists when the complaint demonstrates the statute of limitations violation." *Gessner v. Vore*, Montgomery App. No. 22297, 2008-Ohio-3870, ¶13 (citations omitted).

{¶ 10} In the present case, Auckerman does not challenge the trial court's resolution of the statute-of-limitations issue in the context of a Civ.R. 12(B)(6) motion.[1] Nor does she dispute that the applicable limitations period is the four-year statute of limitations found in R.C. 2305.09. As set forth above, Auckerman's only argument is that her negligence claim did not accrue and, therefore, the statute of limitations did not begin to run, until her traffic accident. Not until that date, Auckerman reasons, did she suffer harm as a result of Rogers' failure to provide UM/UIM coverage. In support of her argument, Auckerman relies on *Kunz*.

{¶ 11} In *Kunz*, the plaintiffs had purchased insurance from the defendant insurance agent to cover their business equipment. After suffering an uncovered loss, the plaintiffs sued the agent for negligently failing to provide requested coverage. The agent moved for summary judgment, arguing that the four-year statute of limitations in R.C. 2305.09 had expired. The trial court granted the motion, and the court of appeals affirmed.

{¶ 12} Upon review, the Ohio Supreme Court agreed that the plaintiffs' cause of action sounded in tort and that the applicable limitations period was found in R.C. 2305.09. It

---

[1]On its face, Auckerman's complaint states that she obtained the insurance policy at issue on June 6, 2005, and that her traffic accident occurred on February 28, 2008. The only issue is which date triggered the applicable statute of limitations.

reasoned: "The instant action is roughly analogous to a malpractice action in which a party claims that his accountant, lawyer, or doctor has failed to perform the professional services that had been contractually bargained for. The relationship between the parties herein called for the performance of certain services by the insurance agent, and any breach thereof involved the agent's failure to secure the desired insurance coverage." *Kunz*, 1 Ohio St.3d at 80. Applying a "delayed-damages rule," the *Kunz* majority then held that the plaintiffs' cause of action did not accrue until they suffered a loss to their equipment. Because the plaintiffs filed their lawsuit within four years of the accident, the majority held that the four-year statute of limitations had not expired. Id. at 81-82.

{¶ 13} In more recent cases, however, the Ohio Supreme Court has declined to apply a "discovery rule" or "delayed-damages rule" to claims of professional negligence governed by R.C. 2305.09's four-year statute of limitations. The trial court relied on one of these cases, *Investors REIT One*, when ruling against Auckerman. *Investors REIT One* addressed application of a "discovery rule" to a claim of accountant negligence governed by R.C. 2305.09. In that case, the Ohio Supreme Court noted that R.C. 2305.09 contains its own limited discovery rule,[2] which does not apply "to professional negligence claims against accountants[.]" *Investors REIT One*, 46 Ohio St.3d at 182. As a result, the *Investors REIT One* majority held that the four-year statute of limitations began to run immediately when acts of accounting negligence occurred.

{¶ 14} More recently, in *Flagstar Bank v. Airline Union's Mortgage Co.*, 128 Ohio St.3d

---

[2]The discovery rule in R.C. 2305.09 provides: "If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."

529, 2011-Ohio-1961, the Ohio Supreme Court held that "[a] cause of action for professional negligence against a property appraiser accrues on the date that the negligent act is committed, and the four-year statute of limitations commences on that date." In *Flagstar*, the plaintiff bank purchased mortgage loans based on appraisals performed by one of the defendants, an appraiser. The bank subsequently sued the appraiser after suffering losses when the homes turned out to be worth less than their appraised values. The issue before the court was whether the four-year statute of limitations in R.C. 2305.09 began to run when the appraiser performed the appraisals or later when the bank suffered a loss on the properties. The matter came before the Ohio Supreme Court on a certified conflict to decide "whether under R.C. 2305.09(D) a cause of action for professional negligence accrues on the date that the negligent act is committed or on the date that the negligent act causes actual damages." Id. at ¶6.

{¶ 15} In resolving the foregoing issue, the *Flagstar* court agreed that the applicable statute of limitations was the four-year period in R.C. 2305.09, which governs professional negligence claims. The court then reaffirmed *Investors REIT One*, concluding that "[a] cause of action for professional negligence accrues when the act is committed." Id. at ¶27. The *Flagstar* court also rejected application of the so-called "delayed-damages rule," which provides that "'where the wrongful conduct complained of is not presently harmful, the cause of action does not accrue until actual damage occurs.'" Id. at ¶19, quoting *Velotta v. Leo Petronzio Landscaping, Inc*. (1982), 69 Ohio St.2d 376, 379.

{¶ 16} The *Flagstar* court briefly observed that it had applied the delayed-damages rule in *Kunz*. Id. at ¶20. It then explicitly rejected application of the delayed-damages rule in cases involving professional negligence governed by R.C. 2305.09's four-year statute of limitations. Id. at ¶22-27. The *Flagstar* court reasoned: "We continue to adhere to the rule of law established in

*Investors REIT One*. A cause of action for professional negligence accrues when the act is committed. Just as accountants do, appraisers perform services that for four years may subject them to negligence suits for the consequences of their professional acts. *In this case, accepting any suggestion that the statute of limitations be reset for each purchase of a mortgage loan because the purchaser's damages may be delayed until some point in the future could lead to an unending statute of limitations.*" Id. at ¶27 (Emphasis added).

**{¶ 17}** Having reviewed *Flagstar*, we conclude that the Ohio Supreme Court therein implicitly overruled *Kunz* with regard to application of the delayed-damages rule in cases of professional negligence governed by R.C. 2305.09. In *Kunz* itself, the majority characterized a negligent-procurement claim against an insurance agent as one alleging negligent performance of "professional services." *Kunz*, at 80; see, also, *Tobias v. Al Neff Ins*. (Feb. 27, 1998), Greene App. No. 97 CA 96 ("The Tobiases' action against Neff was for professional negligence in failing to maintain the level of insurance coverage they had requested and in failing to notify them of changes in their coverage."). In *Flagstar*, the Ohio Supreme Court explicitly stated that "[a] cause of action for professional negligence accrues when the act is committed." *Flagstar*, at ¶27. It also foreclosed application of a discovery or a delayed-damages rule in cases involving professional negligence governed by R.C. 2305.09. In so doing, it rejected the notion that the statute of limitations should not run where "damages may be delayed until some point in the future[.]" Id.

**{¶ 18}** Although the facts of *Flagstar* involved an appraiser's professional negligence, we see no principled reason why an insurance agent's professional negligence should be treated differently. Therefore, relying on *Flagstar* (and *Investors REIT One*), we hold that the statute of limitations began to run on Auckerman's negligent-procurement claim when she obtained her

insurance policy. Because she filed her negligent-procurement claim against Rogers more than four years after that date, the trial court properly dismissed the claim as time barred.

{¶ 19} Finally, we note that Auckerman could have complied with the statute of limitations even though it began to run when she obtained her insurance policy. According to Auckerman's complaint, she obtained the policy on June 6, 2005 and had the automobile accident on February 28, 2008. Applying our analysis herein, the statute of limitations did not expire until June 6, 2009. Therefore, she still had more than fifteen months after the accident to file a timely negligent-procurement claim against Rogers. Her failure to do so rendered the claim subject to Civ.R. 12(B)(6) dismissal. The first assignment of error is overruled.

{¶ 20} In her second assignment of error, Auckerman contends the trial court erred in dismissing a promissory estoppel claim on the basis that it was mislabeled as a "detrimental reliance" claim.

{¶ 21} In pertinent part, Auckerman's complaint alleged:

{¶ 22}   "**COUNT FOUR: Detrimental Reliance**

{¶ 23} "26. Plaintiff incorporates paragraphs one (1) through twenty-five (25) as if fully rewritten herein.

{¶ 24} "27. This is an action under Ohio law for Detrimental Reliance.

{¶ 25} "28. Defendant is an insurance agent, had necessary knowledge, information, skill and expertise to advise Plaintiff on the contents of her insurance policy. Plaintiff relied on the skill, experience and expertise of her agent/Defendant. Plaintiff bought what she thought was good 'Full Coverage.' Defendant never explained the lack of UN/UIM Coverage to Plaintiff.

{¶ 26} "29. Based on her agent's actions, Plaintiff's reliance on the belief that 'Full Coverage' included UN/UIM Coverage was reasonable.

{¶ 27} "30. Plaintiff's detrimental reliance was the proximate cause of Plaintiff's damages." (Doc. #1).

{¶ 28} The trial court dismissed the foregoing count for failure to state a claim. It opined that Ohio law "does not recognize a cause of action for detrimental reliance." The trial court reasoned that "[d]etrimental reliance, which arises as an element of several causes of action that exist in equity to enforce contracts that are in violation of the statute of frauds, is not itself a cause of action."

{¶ 29} On appeal, Auckerman contends the trial court either should have construed count four as alleging promissory estoppel or should have allowed her to amend her complaint to plead a proper promissory-estoppel claim. Auckerman also notes that Rogers had filed a motion to dismiss but had not yet filed a "responsive pleading." Therefore, she points out that she did not need leave of court to amend her complaint.

{¶ 30} Upon review, we decline to reverse the trial court's dismissal of Auckerman's "detrimental reliance" claim. Prior to the trial court's ruling, Rogers correctly argued, in his motion to dismiss, that "detrimental reliance" is not a viable cause of action in Ohio. See *Carpenter v. Scherer-Mountain Ins. Agency* (1999), 135 Ohio App.3d 316, 327 n.3. Auckerman neither responded to this argument nor amended her complaint to plead a proper cause of action. As she acknowledges on appeal, she could have amended without leave of court because Rogers had not yet filed a responsive pleading.

{¶ 31} Although the trial court, acting sua sponte, perhaps could have construed count four liberally as a promissory estoppel claim, its failure to do so does not require reversal. In addition to its defective wording, count four was time-barred under R.C. 2305.09 just like Auckerman's other claims. In his motion to dismiss, Rogers raised the statute-of-limitations

argument in connection with all of Auckerman's claims. While the trial court specifically addressed R.C. 2305.09 in connection with the negligent-procurement claim, that fact does not preclude us from affirming the dismissal of count four on statute-of-limitations grounds. See *Non-Employees of Chateau Estates Resident Ass'n v. Chateau Estates, Ltd.*, Clark App. No. 2007-CA-81, 2008-Ohio-5463, ¶20 (recognizing that an appellate court "may affirm a correct judgment based on alternative grounds raised below").

{¶ 32} The gravamen of Auckerman's complaint with regard to each of her four causes of action was the same. Each claim rested on allegations that Rogers had failed to provide UM/UIM insurance despite her request for "full coverage." Auckerman's "detrimental reliance" claim itself never identified any "promise" allegedly made by Rogers. Rather, as her other claims did, it alleged that he had neglected to provide UM/UIM insurance and that she reasonably had relied on his experience and expertise.

{¶ 33} This Court has recognized that "[t]he applicable statute of limitations is determined from the gist of the complaint, not by the form of the pleading." *Gullatte v. Rion* (2000), 145 Ohio App.3d 620, 626 (citations omitted). In *Gullatte*, we concluded that when fraudulent conduct is integral to a malpractice claim, a fraud claim is subject to the shorter statute of limitations governing the malpractice claim. This approach prevents a party from extending a statute of limitations through artful pleading. Id. at 625-626; see, also, *Leski v. Ricotta*, Cuyahoga App. No. 83600, 2004-Ohio-2860, ¶8 ("While Leski may have 'plainly alleged' breach of contract, misrepresentation, and promissory estoppel against Ricotta, the gravamen of Leski's complaint is one of legal malpractice and, thus, barred by the one year statute of limitations."). Likewise, in the present case, Auckerman cannot avoid the time bar of R.C. 2305.09 by pleading essentially the same allegations against Rogers separately as both professional negligence and

promissory estoppel, which is governed by a longer statute of limitations.[3] The essence of her complaint against Rogers remained professional negligence, and the four-year statute of limitations found in R.C. 2305.09 applied, regardless of how many different ways she pleaded her claims. Accordingly, the second assignment of error is overruled.

{¶ 34} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .


FAIN, J., concurring:

{¶ 35} I agree that affirmance of the judgment of the trial court is required by *Flagstar Bank v. Airline Union's Mortgage Co.*, 128 Ohio St.3d 529, 2011-Ohio-1961. I write separately merely to lament that result. When I went to law school, admittedly a long time ago, I was taught that injury was an element of a tort; you couldn't have a tort cause of action without an injury.

> Negligence, as we shall see, is simply one kind of conduct. But a cause of action founded upon negligence, from which liability will follow, requires more than conduct. The traditional formula for the elements necessary to such a cause of action may be stated briefly as follows:
>
> 1. A duty, or obligation, * * *
>
> 2. A failure on the person's part to conform to the standard required: a breach of the duty. * * *
>
> 3. A reasonably close causal connection between the conduct and the resulting injury. * * *
>
> 4. Actual loss or damage resulting to the interests of another. Since the action for

---

[3]See, e.g., *Porterfield v. Bank One Ohio Trust Co.* (Sept. 9, 1997), Franklin App. No. 97APE05-602, at n.2 (noting that "[a] claim arising out of an oral promise is subject to R.C. 2305.07's six-year statute of limitations regardless of whether the claim is one for breach of contract or promissory estoppel").

negligence developed chiefly out of the old form of action on the case, it retained the rule of that action, that proof of damage was an essential part of the plaintiff's case. Nominal damages, to vindicate a technical right, cannot be recovered in a negligence action, where no actual loss has occurred. The threat of future harm, not yet realized, is not enough. Negligent conduct in itself is not such an interference with the interests of the world at large that there is any right to complain of it, or to be free from it, except in the case of some individual whose interests have suffered.

{¶ 36} It follows that the statute of limitations is generally held not to begin to run against a negligence action until some damage has occurred.

{¶ 37} Prosser and Keeton on Torts, Fifth Edition, West Publishing Co., 1984, p. 164-165, Negligence: Standards of Conduct, §30 Elements of Cause of Action. (Footnotes omitted.)

{¶ 38} But the law of Ohio appears to be otherwise; statutes of limitations are really statutes of repose. In Ohio, a tort can be born, grow old, and die, before producing an injury that would send a reasonable person to the courthouse in search of a remedy.

. . . . . . . . . . . . .

GRADY, P.J., dissenting:

{¶ 39} I respectfully dissent.

{¶ 40} *Flagstar Bank v. Airline Union's Mortgage Company*, 128 Ohio St.3d 529, 947 N.E.2d 672, 2011-Ohio-1961, was a decision on a conflict certified to the Supreme Court pursuant to Section 3(B)(4), Article IV of the Ohio Constitution. The certified question the Supreme Court was asked to determine was "when the statute of limitations begins to run against a property appraiser in a case involving professional negligence." *Id*. at ¶1. The Supreme Court wrote: "We hold that the four-year statute of limitations for professional negligence, R.C. 2305.09(D), starts to run on the date of the alleged negligent act, the date of accrual of the cause of action against the appraiser." *Id*.

{¶ 41} In rendering its decision, the Supreme Court noted its holding in *Kunz v. Buckeye Union Insurance Co.* (1982), 1 Ohio St.3d 79, 437 N.E. 2d 1194, which applied the "delayed damages" rule to a case involving facts similar to those in the present case. *Kunz* held that "[t]he statute of limitations as to torts does not usually begin to run until the tort is complete. A tort is ordinarily not complete until there has been an invasion of a legally protected interest of the plaintiff." *Id*. at 81. The Supreme Court, quoting *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 379, 433 N.E.2d 147, explained that "[u]nder the delayed-damages rule, 'where the wrongful conduct complained of is not presently harmful, the cause of action does not accrue until actual damage occurs.'" *Id*. at ¶19.

{¶ 42} A tort is a "civil wrong for which a remedy may be obtained, usually in the form of damages; a breach of a duty that the law imposes on everyone in the same relation to one another as those involved in a given transaction." Black's Law Dictionary (7th Ed.).

{¶ 43} Defendant Rogers' failure to deliver to Plaintiff Auckerman an automobile liability insurance policy providing UM/UIM coverage which Auckerman allegedly requested could be a breach of the contract between them, in that respect, because it denied Auckerman the benefit of her bargain. Such a breach arises from the private rights the contract between the parties conferred. However, Rogers' alleged failure is not tortious conduct, in and of itself, because it breached no duty the law imposed on him. In other words, the alleged failure constituted no "civil wrong." It did not become the wrongful conduct a tort involves until Auckerman was harmed as a result. Auckerman alleges that she suffered such harm when she was struck by an uninsured motorist and lacked the coverage for her injuries and losses that UM/UIM coverage provides.

{¶ 44} While the decision in *Flagstar Bank* appears to apply to all applications of R.C.

2305.09(D), on the question certified the holding applies to tort claims against appraisers. Further, *Flagstar Bank* did not overrule *Kunz*. Therefore, *Kunz* remains good law, the contrary suggestion in *Flagstar Bank* notwithstanding.

{¶ 45} In *Flagstar Bank*, the Supreme Court compared the discovery rule to the delayed damages rule, observing that both "relate to when a cause of action accrues." *Id*. at ¶25. With all due respect, that is incorrect.

{¶ 46} A cause of action in tort accrues when the wrongful conduct occurs. The discovery rule doesn't alter that fact. The discovery rule instead tolls the statute of limitations for the action when the plaintiff is unaware of defendant's wrong, until such time as the plaintiff discovers or reasonably should have discovered that the wrongful conduct was the proximate cause of injuries and losses the plaintiff suffered.

{¶ 47} The delayed damages rule does alter when a cause of action in tort accrues, because the tort is incomplete until the plaintiff suffers some actual damage proximately resulting from the defendant's wrongful conduct. Until then, the "cause," the wrongful conduct, is not actionable, conferring no more than an inchoate right. The right of action is perfected only after some resulting harm has occurred.

{¶ 48} If, on the facts of the present case, the discovery rule is applied, Auckerman reasonably should have known of Rogers' breach of their agreement when Rogers delivered or caused to be delivered to Auckerman a policy that did not contain UM/UIM coverage. However, that was no more than a breach of their private agreement, not a civil wrong arising from a breach of a duty the law imposes.

{¶ 49} Rogers' alleged failure became actionable in tort only when Auckerman suffered some actual damage as a result of Rogers' alleged failure, on the several claims for relief that

Auckerman's complaint alleges. That occurred when Auckerman was involved in an accident caused by a negligent driver and as a result suffered monetary losses. *Flagstar Bank's* confusion or conflation of the discovery rule and the delayed damages rule, if applied, would deny Auckerman the right of action against Rogers to which the law then entitles her.

{¶ 50} I would reverse and remand.

. . . . . . . . . . . . .

Copies mailed to:

Lawrence J. White
Brandon M. Allen
Paul B. Roderer, Jr.
Hon. Stephen Wolaver