[Cite as *LGR Realty, Inc. v. Frank & London Ins. Agency*, 2016-Ohio-5044.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

LGR Realty, Inc.,                                    :

      Plaintiff-Appellant,              :

v.                                                   :                    No. 15AP-1072
                                  (C.P.C. No. 15CV-3305)

Frank & London Insurance Agency,              :

      Defendant-Appellee.               :                    (REGULAR CALENDAR)

---

## D E C I S I O N

### Rendered on July 21, 2016

---

**On brief:** *Hollern & Associates*, and *Edwin J. Hollern*, for appellant. **Argued:** *Edwin J. Hollern.*

**On brief:** *Williams & Schoenberger*, and *Richard A. Williams*, for appellee. **Argued:** *Susan Petro.*

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, LGR Realty, Inc. ("LGR"), appeals from the October 28, 2015 decision and entry granting the Civ.R. 12(B)(6) motion to dismiss of defendant-appellee, Frank & London Insurance Agency ("Frank and London") on the basis that the complaint was barred by the statute of limitations. For the reasons that follow, we reverse the judgment of the trial court.

## Factual and Procedural Background

{¶ 2} The following facts are taken from the complaint filed on April 17, 2015.

{¶ 3} Frank and London was LGR's commercial insurance agent. (Apr. 17, 2015 Compl. at ¶ 2, 6.) LGR procured a claims-made Real Estate Agents Errors and Omissions

Liability Insurance Policy from Continental Casualty Company ("Continental") through Frank and London. (Compl. at ¶ 7.) The policy's effective dates were May 12, 2010 through May 12, 2011. *Id.*

{¶ 4} A liability claim was made against LGR within the policy period, and LGR notified Continental and demanded that Continental provide a defense and indemnity to LGR pursuant to the policy. (Compl. at ¶ 9, 10.) However, Continental denied LGR's demand on April 26, 2011. (Compl. at ¶ 11.) LGR was forced to hire its own counsel and incurred in excess of $420,000 in attorney fees and expenses to defend itself in the subsequent lawsuit. (Compl. at ¶ 11, 12.)

{¶ 5} LGR filed suit against Frank and London on April 17, 2015, alleging two claims: first, that Frank and London acted negligently in failing to secure the appropriate liability policy to protect LGR from the lawsuit referenced above; and second, that Frank and London negligently misrepresented that the Continental policy would cover LGR for the lawsuit referenced above and other claims that arose from the professional business activities of LGR. (Compl. at ¶ 14, 17.)

{¶ 6} Frank and London moved for dismissal under Civ.R. 12(B)(6), arguing that the claims were barred by the four-year statute of limitations under R.C. 2305.09(D). The trial court found that the parties agreed that the four-year statute of limitations in R.C. 2305.09(D) applied to LGR's claims. However, the parties disagreed as to the date the applicable statute of limitations began to run. LGR asserted the statute began to run on the date that Frank and London denied the claim under the policy, while Frank and London asserted the statute began to run on the date the insurance policy was issued.

{¶ 7} The trial court found that LGR could not avail itself of the delayed damages rule that would have meant the statute of limitations did not begin to run until LGR's claim was denied. The trial court found that although the Supreme Court of Ohio has not expressly overruled *Kunz v. Buckeye Union Ins. Co.*, 1 Ohio St.3d 79 (1982), the court has abrogated the rule in subsequent decisions, and therefore the four year statute of limitations began to run on May 12, 2010, the date the policy was issued. Since LGR did not file suit until April 17, 2015, almost five years after the policy was issued, the trial court determined that the claims were time-barred on the face of the complaint.

## Assignment of Error

{¶ 8} LGR filed a timely notice of appeal assigning the following as error:

The trial court erred by granting defendant/appellee's motion to dismiss.

## Standard of Review

{¶ 9} Our review of a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is de novo. *Mason v. Bowman*, 10th Dist. No. 09AP-995, 2010-Ohio-2325, ¶ 7. A motion to dismiss for failure to state a claim is procedural and tests whether the complaint is sufficient. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). Rather, the trial court may only review the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Moreover, the court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

{¶ 10} A complaint may be dismissed under Civ.R. 12(B)(6) as time-barred under the statute of limitations if the face of the complaint makes clear that the action is time-barred. *Steiner v. Steiner*, 85 Ohio App.3d 513, 518-19 (4th Dist.1993); *Charles v. Conrad*, 10th Dist. No. 05AP-410, 2005-Ohio-6106, ¶ 24; *Mason* at ¶ 8. Only where the complaint demonstrates conclusively on its face that the action is time-barred should a Civ.R. 12(B)(6) motion to dismiss based upon the statute of limitations be granted. *Swanson v. Boy Scouts of Am.*, 4th Dist. No. 07CA663, 2008-Ohio-1692, ¶ 6. *Schultz v. Univ. of Cincinnati College of Med.*, 10th Dist. No. 09AP-900, 2010-Ohio-2071, ¶ 36. A motion to dismiss a complaint under Civ.R. 12(B)(6) which is based on the statute of limitations is erroneously granted where the complaint does not conclusively show on its face the action is barred by the statute of limitations. *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 378 (1982).

**Statute of Limitations, Discovery Rule, and Delayed Damages Rule**

{¶ 11} "Statutes of limitations serve a gate-keeping function for courts by '(1) ensuring fairness to the defendant, (2) encouraging prompt prosecution of causes of action, (3) suppressing stale and fraudulent claims, and (4) avoiding the inconveniences engendered by delay—specifically, the difficulties of proof present in older cases.' " (Citations omitted.) *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.*, 128 Ohio St.3d 529, 2011-Ohio-1961, ¶ 7. Nevertheless, "statutes of limitations are remedial in nature and are to be given a liberal construction to permit cases to be decided upon their merits, after a court indulges every reasonable presumption and resolves all doubts in favor of giving, rather than denying, the plaintiff an opportunity to litigate." *Flagstar* at ¶ 7; *Harris v. Reedus*, 10th Dist. No. 15AP-181, 2015-Ohio-4962, ¶ 11.

{¶ 12} LGR's negligence claims against Frank and London are governed by R.C. 2305.09(D), which sets forth a general limitations period for tort actions not specifically covered by other statutory sections. R.C. 2305.09(D) provides, in pertinent part, as follows:

> Except as provided for in division (C) of this section, an action for any of the following causes shall be brought within four years after the cause thereof accrued:
>
> * * *
>
> (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code[.]

{¶ 13} The question then becomes when does a cause of action accrue for purposes of determining when the statute of limitations begins to run? The general rule is that a cause of action accrues at the time the wrongful act is committed. *Flagstar Bank* at ¶ 13; *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998); *Harris v. Liston*, 86 Ohio St.3d 203, 205 (1999). "However, in situations where the wrongful act does not immediately result in injury or damage, strict application of the general rule can lead to an unjust result." *Id.* at 205-06.

{¶ 14} The discovery rule and the delayed damages rule are exceptions to the general rule designed to avoid this type of unjust result. Although somewhat similar in

concept, one rule tolls the running of the statute of limitations and the other rule adjusts when the cause of action accrues. The discovery rule does not alter the fact that a cause of action in tort accrues when the wrongful conduct occurs. Instead, it tolls the running of the statute of limitations until the plaintiff discovers, or should have discovered, the negligent act or the resulting injury. *Melnyk v. Cleveland Clinic*, 32 Ohio St.2d 198 (1972), syllabus ("Where a metallic forceps and a nonabsorbent sponge are negligently left inside a patient's body during surgery, the running of the statute of limitation governing a claim therefor is tolled until the patient discovers, or by the exercise of reasonable diligence should have discovered, the negligent act.")

{¶ 15} The delayed damages rule alters the general rule as to when a cause of action in tort accrues, because the Supreme Court of Ohio has ruled that cause of action does not accrue until actual injury or damage ensues. *Velotta* at paragraph two of the syllabus. ("When negligence does not immediately result in damages, a cause of action for damages arising from negligent construction does not accrue until actual injury or damage ensues.") In *Velotta*, the plaintiff alleged that the builder of his new home negligently installed underground drainage tile. Five years after the tile was installed, Velotta began experiencing serious water drainage problems. The Supreme Court of Ohio held that "where the wrongful conduct complained of is not presently harmful, the cause of action does not accrue until actual damage occurs." *Id.* at 379. In other words, the tort was not complete until the actual damage occurred. Thus, even though the builder's allegedly negligent construction occurred more than four years earlier, the cause of action did not accrue and the statute of limitations did not begin to run until actual injury or damage occurred. *Id.*

### LGR Claims *Kunz* Controls

{¶ 16} LGR's argument is premised upon the Supreme Court of Ohio's ruling in *Kunz*, another delayed damages case, decided six months after *Velotta*. In *Kunz*, the plaintiffs brought suit against their insurance agent for negligently failing to provide the business equipment coverage they requested.

{¶ 17} The policy at issue was purchased in 1970 and renewed in 1973. In 1975, the equipment, a hydro-crane, was involved in a job site accident, and Buckeye Union denied coverage. The plaintiffs filed suit two years after the accident in 1977. The trial court

granted summary judgment in favor of the insurance agent and agency on the basis that the four-year statute of limitations set forth in R.C. 2305.09 had expired because the statute of limitations began to run when the policy was issued, or at the latest, when it was renewed. The Supreme Court of Ohio reversed, applying the delayed damages rule and holding that the four-year statute of limitations set forth in R.C. 2305.09 applied, but the cause of action for negligence did not accrue until the plaintiffs suffered a loss to their equipment. The court reasoned that the tort was not complete until there had been a loss to the plaintiff's equipment, because until that event occurred, "such protection could avail appellants nothing." *Kunz* at 82. The court indicated that, in such cases, there must be an injury or harm to the plaintiff as a consequence of the defendant's negligence to serve as a basis for recovery of damages before the tort becomes actionable and before the period of limitation commences to run. *Id.*

{¶ 18} Thus, *Kunz* stands for the proposition that without an invasion of a legally protected interest resulting in damages, a plaintiff has no valid cause of action for negligence against an insurer that breached a duty to secure the desired coverage for a client. Therefore, the statute of limitations for a claim against an insurance agent or agency for failing to procure appropriate coverage for a client does not begin to run until the insured suffers a loss that should have been covered by the policy placed by the agent.

{¶ 19} The Supreme Court of Ohio has never expressly overruled *Kunz*. Ordinarily, as an intermediate appellate court, we are not free to disregard binding precedent from the Supreme Court of Ohio on a case that is directly on point. *See generally Coniglio v. State Med. Bd. of Ohio*, 10th Dist. No. 07AP-298, 2007-Ohio-5018, ¶ 8 (noting that "[w]e, as an appellate court, are [bound] to follow binding precedent from the Supreme Court of Ohio"); *State v. McCoy*, 1st Dist. No. C-090599, 2010-Ohio-5810, ¶ 62; *State v. Burke*, 10th Dist. No. 04AP-1234, 2005-Ohio-7020, ¶ 26.

### Frank and London Contend *Kunz* Implicitly Overruled

{¶ 20} Frank and London, however, assert that *Kunz* has been abrogated by subsequent decisions of the Supreme Court of Ohio in the context of professional negligence. In particular, Frank and London rely on *Flagstar Bank*, a certified conflict question asking when the statute of limitations begins to run against a property appraiser in a case involving professional negligence. In that case, the court held that a cause of

action for professional negligence against a property appraiser accrues on the date that the negligent act is committed, and the four-year statute of limitations begins to run on that date. *Id.* at syllabus. The court in *Flagstar Bank* explicitly rejected the delayed damages rule in that case, but stopped short of explicitly overruling *Kunz.*

{¶ 21} In *Flagstar Bank*, the court discussed application of the delayed damages rule and characterized it as a timing issue; when all the elements of a cause of action have come into existence. *Flagstar Bank* at ¶ 19. The *Flagstar Bank* court cited *Kunz* for the proposition that a tort is ordinarily not complete until there has been an invasion of a legally protected interest of the plaintiff. *Id.* at ¶ 20, citing *Kunz* at 81.

{¶ 22} The Supreme Court of Ohio then discussed cases from the Fifth and Sixth District Courts of Appeals that applied the delayed damages rule to claims for professional negligence involving accountants, negligent tax preparation, and a cause of action against a title agency for altering and recording a mortgage. *Gray v. Estate of Barry*, 101 Ohio App.3d 764 (6th Dist.1995)(certified public accountant); *Fritz v. Cox*, 142 Ohio App.3d 664 (5th Dist.2001)(tax preparation); *JP Morgan Chase Bank NA v. Lanning*, 5th Dist. No. 2007CA00223, 2008-Ohio-893 (title agency).

{¶ 23} It then contrasted those cases with a case from the First District Court of Appeals, *Hater v. Gradison Div. of McDonald & Co. Sec.,* 101 Ohio App.3d 99 (1st Dist.1995) (involving investment dealers, accountants, an appraiser, and a builder), in which the court declined to apply the delayed damages rule. The Supreme Court of Ohio mentioned other courts that have rejected application of the delayed damages rule in the professional negligence context. *Riedel v. Houser*, 79 Ohio App.3d 546, 549 (3d. Dist.1992) (certified public accountants); *Schnippel Constr. v. Profitt*, 3d Dist. No. 17-09-12, 2009-Ohio-5905 (sale of an employee benefit plan); *Fronczak v. Arthur Andersen, L.L.P.*, 124 Ohio App.3d 240, 244 (10th Dist.1997)(accountants); *Bell v. Holden Survey, Inc.*, 7th Dist. No. 729 (Sept. 29, 2000) (surveyor); *James v. Partin*, 12th Dist. No. CA2001-11-086, 2002-Ohio-2602 (surveyor).

{¶ 24} The court stated that it had implicitly rejected the delayed damages rule in *Thornton v. Windsor House, Inc.,* 57 Ohio St.3d 158 (1991), a case involving alleged negligence in performing Medicaid audits. *Flagstar Bank* at ¶ 26. The court then

reiterated the rule in a broader fashion that "[a] cause of action for professional negligence accrues when the act is committed." *Id.* at ¶ 27.

{¶ 25} The syllabus of the *Flagstar Bank* decision is written more narrowly and states that:

> A cause of action for professional negligence against a property appraiser accrues on the date that the negligent act is committed, and the four-year statute of limitations commences on that date. (R.C. 2305.09(D) and Investors REIT One v. Jacobs (1989), 46 Ohio St.3d 176, 546 N.E.2d 206, followed.)

### *Kunz's* Viability After *Flagstar*

{¶ 26} The question before us is whether *Kunz* has any continued viability in light of the decision in *Flagstar Bank.*

{¶ 27} On the one hand, in *Flagstar Bank*, the Supreme Court of Ohio rejected cases from various courts of appeals applying the delayed damages rule to claims of professional negligence in various professions. The court inserted broad language into its decision that "[a] cause of action for professional negligence accrues when the act is committed." *Id.* at ¶ 27.

{¶ 28} On the other hand, the syllabus of *Flagstar Bank* was limited to claims of professional negligence against a property appraiser, and the Supreme Court of Ohio let stand *Kunz*, an older case applying the delayed damages rule to a negligence cause of action involving a breach of duty by an insurance agent who failed to provide proper coverage for a client.

{¶ 29} In the present case, we are faced with a claim of negligence against an insurance agency for allegedly failing to procure proper coverage for a client. LGR seeks to distinguish *Flagstar Bank*, arguing that an insurance agent is not a professional like a lawyer or an accountant and therefore its claim is merely one of ordinary negligence to which the delayed damages rule should apply. LGR's argument is undercut by language from *Kunz* itself, in which the court stated, "[t]he instant action is roughly analogous to a malpractice action in which a party claims that his accountant, lawyer, or doctor has failed to perform the professional services that had been contractually bargained for." *Kunz* at

80. Thus, we believe that LGR's claim is one of professional negligence against Frank and London.

{¶ 30} Frank and London contend that the delayed damages rule should not be applied in this case because LGR suffered immediate economic damage at the time they purchased the allegedly defective coverage. Frank and London rely on *Chandler v. Schriml*, 10th Dist. No. 99AP-1006 (May 25, 2000), and *Union Sav. Bank v. Lawyers Title Ins. Corp.*, 191 Ohio App.3d 540, 2010-Ohio-6396 (10th Dist.), to show that LGR sustained immediate economic damage.

{¶ 31} In *Chandler*, the owners of a duplex and the seller's real estate company represented to the buyer, Chandler, that the property was zoned for dual family use, but in reality it was zoned for single family use. Chandler discovered the zoning issue only after he had purchased the duplex and later attempted to sell his home. He argued that his cause of action did not accrue until he attempted to sell his home, but this court ruled that he suffered damages at the time he bought the duplex because he stated in the complaint that he would not have paid the price he did had he known of the zoning. Thus, from the time he purchased the duplex, he actually owned less than he believed he did, and the delayed damages rule was inapplicable.

{¶ 32} In *Union Savings Bank*, this court ruled that a claim alleging negligence and a breach of fiduciary duty against a title company was time barred because the cause of action accrued at the time the homeowners closed on their loan and the title company failed to subordinate two mortgages, not when the property went into foreclosure and was sold at a sheriff's sale. This court indicated that the plaintiff-bank suffered damages at the time of the closing when it assumed a second lien position due to the defendant's failure to subordinate two liens. The court also stated that this court has rejected the delayed damages theory. *Id.* at ¶ 29.

{¶ 33} Frank and London argue that, at the time LGR purchased its policy, it was paying premiums for coverage that did not exist. Thus, according to Frank and London, LGR owned less than it believed it had purchased even though it did not realize the diminished value of its purchase until years later when its claim was denied. Frank and London claim that LGR paid for something of lesser value than what they believed they were purchasing. According to Frank and London, the fact that LGR did not realize its

injury until much later does not change the fact that the injury occurred when they purchased a policy of insurance that did not provide a defense and indemnity for certain lawsuits.

{¶ 34} But prior to the denial of the claim, what injury did LGR actually suffer? Perhaps it had an expectancy interest in the difference in premiums between a policy that covered lawsuits involving Plaza Properties versus the cost of premiums for a policy that did not cover the cost of lawsuits involving Plaza Properties. However, LGR's claim against Frank and London does not sound in contract, but in tort. *Kunz* at 80. A cause of action premised upon negligence necessitates legal harm. Until LGR suffered a loss, in this case having to defend a lawsuit at its own expense, the tort was not complete. A cause of action in negligence is not complete until the plaintiff suffers some actual damage proximately caused by the defendant's wrongful conduct. We believe any apparent inconsistency between this case, *Chandler* and *Union Savings Bank* is distinguishable on the basis that there was no true economic loss to LGR until the claim was rejected. This puts the instant case squarely within the framework of *Kunz*.

### Insurance Cases Decided after Flagstar

{¶ 35} Cases decided after *Flagstar Bank* show erosion of the delayed damages rule but also that there is some split of authority as to whether the delayed damages rule is still valid with respect to claims against insurers for failure to procure coverage as requested.

{¶ 36} In *Infocision Mgt. Corp. v. Michael D. Sammy Ins. Agency, Inc.*, 9th Dist. No. 26939, 2014-Ohio-4653, the plaintiffs alleged negligence, breach of fiduciary duty, and vicarious liability against their insurance agency for an alleged failure to maintain vehicle liability insurance coverage for its employees traveling on company business in leased vehicles or personal vehicles. The Ninth District Court of Appeals ruled that even in discovery rule and delayed damages assertion scenarios, claims of professional negligence remain governed by R.C. 2305.09, and must be filed within four years from the time the disputed action is committed. *Id.* at ¶ 28, citing *Flagstar Bank*.

{¶ 37} In *Auckerman v. Rogers*, 2d Dist. No. 2011-CA-23, 2012-Ohio-23, the plaintiff brought claims of negligence, breach of fiduciary duty, "detrimental reliance," and "errors and omissions" against her insurance agent alleging a failure to provide her

with uninsured/underinsured motorist coverage despite her request for "full coverage" on her automobiles. The Second District Court of Appeals determined that the Supreme Court of Ohio no longer applies the discovery rule or the delayed damages rule to claims of professional negligence and thereby implicitly overruled *Kunz* in the *Flagstar Bank* case. *Auckerman* at ¶ 17. The *Auckerman* court could "see no principled reason why an insurance agent's professional negligence should be treated differently" than the appraiser's professional negligence in *Flagstar Bank*. *Auckerman* at ¶ 18.

{¶ 38} The dissent in *Auckerman* argued that *Flagstar* did not overrule *Kunz* and therefore remained good law. *Auckerman* at ¶ 44. Applying the delayed damages rule, the dissent contended that the agent's failure to procure the proper coverage became actionable in tort only when the plaintiff was involved in an accident caused by a negligent driver and as a result suffered monetary losses. *Id.* at ¶ 49.

{¶ 39} In *Vinecourt Landscaping, Inc. v. Kleve*, 11th Dist. No. 2013-G-3142, 2013-Ohio-5825, a landscaping company and its owners brought suit against their insurance agent and agency for negligence and breach of fiduciary duty for failing to recommend greater insurance coverage for their business when the Vinecourts thought they had full coverage. The Vinecourts alleged the statute of limitations began to run when a fire in their warehouse caused significant damage to the building and their business property, and not when the agent allegedly negligently failed to recommend greater coverage.

{¶ 40} The court of appeals acknowledged that, while the Supreme Court has not expressly overruled *Kunz*, it has declined to follow its holding in other causes of action alleging professional negligence. The court also acknowledged the reasoning of the Second District Court of Appeals in *Auckerman*. However, the court noted that the syllabus of *Flagstar Bank* was limited to a cause of action for professional negligence against a property appraiser and, rather than overruling *Kunz*, the *Flagstar Bank* court cited the case with ostensible approval in the course of discussing the delayed damages rule. *Vinecourt* at ¶ 22. The Eleventh District Court of Appeals then declined to extrapolate an intent to overrule *Kunz*, and held that the cause of action accrued when the Vinecourts sustained damages as a result of the fire. *Id.* at ¶ 23, 26.

## Conclusion

{¶ 41} We agree with the reasoning of the majority in *Vinecourt* and the dissent in *Auckerman*. We do not believe the Supreme Court of Ohio has completely abandoned the delayed damages rule set forth in *Kunz*, and it is not our role as an intermediate appellate court to overrule a precedent that the Supreme Court of Ohio cited with approval in the very case Frank and London asserts abrogates the rule. Given the conflict among districts in Ohio about the continued validity of the delayed damages rule in the insurance context, the Supreme Court of Ohio may decide at some point to abandon the rule announced in *Kunz*, but today we are compelled to apply it.

{¶ 42} We also believe there are strong policy reasons for applying the four-year statute of limitations in the manner set forth in *Kunz*. Frank and London is asking this court to conservatively apply the statute of limitations, and the Supreme Court of Ohio in *Flagstar Bank* indicated that statutes of limitations are remedial in nature and are to be given a liberal interpretation to allow cases to be decided on the merits. *Id.* at ¶ 7.

{¶ 43} In addition, if we were to adopt the position espoused by Frank and London, the statute of limitations could easily expire in many cases before a cause of action becomes legally actionable.

{¶ 44} Consequently, we hold that LGR's cause of action for negligence against Frank and London did not accrue until April 26, 2011 when Continental Casualty denied LGR's demand for defense and indemnity. Since the lawsuit was filed on April 17, 2015, the complaint was timely under the four-year statute of limitations in R.C. 2305.09(D).

{¶ 45} The sole assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed and remanded for further proceedings in accordance with this decision.

*Judgment reversed; cause*
*remanded for further proceedings.*

HORTON, J., concurs.
DORRIAN, P.J., concurs in judgment only.

_____